In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-530 CV


____________________



IN RE GENERAL ELECTRIC RAILCAR SERVICES CORPORATION







Original Proceeding






MEMORANDUM OPINION


 General Electric Railcar Services Corporation seeks a writ of mandamus directing the
trial court to vacate its order compelling responses to requests for production propounded by
the plaintiff, Melba Thomas. Thomas was injured on September 30, 1999, while she worked
on a railcar on the premises of her employer, Trinity Industries, Inc. The railcar she was
working on moved, crushing her foot and hand. G.E. Railcar is one of sixteen defendants
sued by Thomas. 

 G. E. Railcar responded to Thomas' request for production with objections. Each
objection contained identical wording:

 Defendant objects that this request is overly broad, unduly burdensome and
harassing. Further, the request seeks information that is not reasonably
calculated to lead to the discovery of admissible evidence and therefore
constitutes as [sic] fishing expedition prohibited under the Texas Rules of Civil
Procedure.


The trial court overruled the objections and ordered responses. In its petition for mandamus,
G. E. Railcar presents one issue: "Did the Respondent act within his discretion when he
ordered the production of safety procedure manuals and similar items from GE, GE Capital
Rail Services, or GE Railcar Services Corporation, including safety procedure manuals,
safety records and OSHA records from a dissimilar and unrelated repair facility owned by
a non-party and located in a place distant from the injury." 

 Mandamus relief is appropriate if a trial court abuses its discretion and there is no
adequate appellate remedy. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). A clear
abuse of discretion occurs when an action is "so arbitrary and unreasonable as to amount to
a clear and prejudicial error of law." Id. The burden of establishing an abuse of discretion
and an inadequate appellate remedy is on the party resisting discovery. Canadian
Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994). Generally, the scope of
discovery is within the trial court's discretion, controlled by the Rules of Civil Procedure. 
Dillard Dep't Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995); Texaco, Inc. v.
Sanderson, 898 S.W.2d 813, 815 (Tex. 1995). Discovery requests must have a reasonable
expectation of obtaining information that will aid the dispute's resolution, and must be
reasonably tailored to include only relevant matters. In re American Optical Corp., 988
S.W.2d 711, 713 (Tex. 1998). 

 Thomas' requests focus on "procedures designed to prevent injuries to persons during
the process of moving railcars, from January 1, 1995 to present, including all changes,
revisions, modifications, supplementations, or updates," and other safety documents and
information concerning the "GE Capital Rail Services' Dothan, Alabama facility," including
material reflecting the safety standards in place on the day of Thomas' injury. Thomas
argues, as she has pleaded below, she intends to prove G.E. Railcar either exercised control
over the production of railcars at the Trinity facility, where she was injured, or G. E. Railcar
was an "occupier" of the production line. Thomas argues G. E. Railcar's knowledge of any
superior safety standards, including those at the Alabama facility, may be relevant in proving
G. E. Railcar was negligent in the exercise of its control at the Trinity facility. See Mobil Oil
Corp. v. Ellender, 968 S.W.2d 917, 924-25 (Tex. 1998). See also Lee Lewis Constr., Inc. v.
Harrison, 70 S.W.3d 778, 784-85 (Tex. 2001). Appropriately tailored requests for evidence
of relevant safety procedures or industry custom would be permissible discovery. See In re
CSX Corporation, et al., 47 Sup. Ct. J. 24, 2003 WL 22272604 (Oct. 3, 2003). The material
requested by Thomas from G. E. Railcar appears reasonably calculated to lead to the
discovery of admissible evidence. Tex. R. Civ. P. 192.3(a). 

 In its petition for writ of mandamus, G. E. Railcar states that it does not own the
Trinity facility where the injury occurred, nor does G. E. Railcar "have possession, custody
or control over documents held by GE or GE Capital Rail Services." Neither GE nor GE
Capital Rail Services are parties to Thomas' lawsuit, and the order does not compel those
entities to do anything. If G.E. Railcar does not have "possession, custody, or control" of the
documents in question, as that is defined in Rule 192.7(b), the appropriate response to the
discovery request is "none." If G. E. Railcar had no control over the safety procedures for
moving railcars at the Trinity facility and no legal duty, the summary judgment procedure
in the Rules is available. This mandamus petition, however, is not the appropriate vehicle
for challenging the plaintiffs' pleadings. 

 G. E. Railcar also says the facilities are not sufficiently similar. The Trinity facility
is a manufacturer of railcars and the Alabama facility is a repair facility. However, the
relevant similarity appears to lie in the need for safety procedures in moving railcars, whether
the railcars are being manufactured or repaired. 

 A party seeking mandamus relief has the burden to present the appellate court with
a record sufficient to establish the right to mandamus. Walker v. Packer, 827 S.W.2d at 837. 
G. E. Railcar contends the requests are impermissibly over broad and burdensome because
the information is located at "distant and unrelated locales," and cover "an unreasonably long
time period." The record of the hearing below was not transcribed, but apparently no
evidence was presented to support any claim of excessive or undue burden. If, in responding
to the discovery request, it becomes apparent the discovery is unduly burdensome, the party
responding should present information concerning the burden to the trial court. Without that
evidence in this record, we do not see the time frame contained in the requests as
unreasonably long, given the documents requested. The focus of the requests are the safety
procedures employed to prevent injuries during the process of moving railcars. A facility
that maintains, repairs, and ships railcars, and engages in the process of moving railcars, may
have procedures in place to move the railcars safely. Evidence of procedures at the Alabama
facility in G.E. Railcar's possession may be useful in determining whether the procedures
at the facility where the accident happened, alleged to be under the control of G.E. Railcar,
met the appropriate standard of care. On this record, we see no abuse of discretion by the
trial court. The petition for writ of mandamus is denied.

 WRIT DENIED. 

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on December 1, 2003

Opinion Delivered January 22, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.