**TEXACO, INC., Star Enterprise, Texaco Refining & Marketing, Inc., and Texaco Chemical Company, Relators,**

v.

**The Honorable Gary SANDERSON, Judge, Respondent.**

**TEXACO, INC., Star Enterprise, Texaco Refining & Marketing, Inc. and Texaco Chemical Company, Relators,**

v.

**The Honorable Gary SANDERSON, Judge, Respondent.**

Nos. 94–0618, 94–0696.

Supreme Court of Texas.

May 25, 1995.

Susan E. Stevenson, B. Stephen Rice, Houston, for relators.

J. Keith Hyde, Greg Thompson, Darren L. Brown, Beaumont, for respondent in No. 94–0618.

J. Keith Hyde, Greg Thompson, Beaumont, for respondent in No. 94–0696.

PER CURIAM.

Relators move for leave to file two mandamus petitions challenging discovery rulings of the trial court in the underlying litigation. The first complains of a ruling that a request for production of documents is not overly broad. The second complains of a ruling that the requested documents are not privileged. We conditionally grant relief on both petitions.

Tony Graffagnino Jr.'s widow and ten surviving children sued Texaco, Inc., Texaco Chemical Company, Texaco Refining and Marketing, Inc., and Star Enterprises, Inc., alleging that while Graffagnino was employed at Texaco's Port Arthur refinery from 1941 to 1984, he was exposed to toxic materials, including asbestos, from which he contracted an asbestos-related disease and died. Vernon Rieve's widow and son intervened in the action, alleging that while Rieve was employed at the same facility from 1933 to 1980, he, too, was exposed to toxic substances, including asbestos and benzene, resulting in his death from cancer. Both groups of plaintiffs claim damages for defendants' gross negligence under section 408.001 of the Texas Labor Code (formerly TEX.REV.CIV.STAT. ANN. art. 8308, § 4.01, Act of Dec. 12, 1989, 71st Leg., 2nd C.S., ch. 1, § 4.01, 1989 Tex. Gen.Laws 1, 32, repealed by Act of Sept. 12, 1993, 73rd Leg., R.S., ch. 269, § 5(2), 1993 Tex.Gen.Laws 987, 1273 (formerly TEX.REV. CIV.STAT.ANN. art. 8306, § 5, Act of Mar. 28, 1917, 35th Leg., R.S., ch. 103, § 5, 1917 Tex.Gen Laws 269, 271, repealed by Act of Dec. 12, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7), 1989 Tex.Gen.Laws 1, 114)).

Plaintiffs have requested production of "all documents written by John Sexton, who was corporate safety director, that concern safety, toxicology, and industrial hygiene, epidemiology, fire protection and training." Texaco, Inc., employed Sexton from 1957 to 1987, and for the last ten of those years, Sexton was responsible for corporate safety and environmental policies and procedures, and for monitoring Texaco's compliance with safety and environmental laws. (It so happens that Sexton has sued Texaco for wrongful discharge, alleging retaliation for his efforts to identify and stop violations of safety and environmental laws. That action is pending.) Texaco objected to plaintiffs' request "in that same is a fishing expedition prohibited by [*Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989)], in that it lacks specificity, requests information wholly irrelevant to any issue in this case, is overly broad, harassing and unduly burdensome." The trial court granted plaintiffs' motion to compel production. After defendants produced 2,500 pages of documents relating to benzene, butadiene, safety, toxicology, and industrial hygiene at Texaco's facilities in southeast Texas, they moved the trial court for reconsideration. The trial court denied defendants' motion. Defendants also asserted claims of privilege, which the trial court held were waived.

Defendants argue that the request is overly broad because it is not limited to information concerning employees' exposure to asbestos and benzene (the only substances specifically mentioned in plaintiffs' pleadings), or even to toxic substances generally, or to the refinery where plaintiffs' decedents worked (Texaco has facilities throughout the world), or even to facilities like that refinery, or to the time during which Sexton had safety responsibilities (he had none for the first twenty years of his employment), or to the time decedents were employed (the request calls for documents created after decedents left the company). As examples of the overbreadth of the discovery request, defendants produced for the trial court documents concerning LPG gas handling, scaffolding, fire retardant clothing, first aid instructor manuals, safety glasses, and ignition risks of flashlights, all of which are within the scope of the request. Plaintiffs acknowledge the breadth of their request but argue that they are entitled to documents showing defendants' corporate "state of mind" not just toward exposure to asbestos or other toxic substances in one refinery or others like it during any certain period of time, but toward employee safety and welfare generally.

Discovery is limited to matters relevant to the case. TEX.R.CIV.P. 166b.2.a. In *General Motors Corp. v. Lawrence*, 651 S.W.2d 732

(Tex.1983), we held that in a case alleging the defective design of the fuel filler neck in a particular model truck, discovery requests concerning fuel filler necks in every vehicle ever made by General Motors were too broad. We granted mandamus relief directing the trial court to set aside its orders requiring compliance with the discovery requests. *Id.* at 734. In *Loftin v. Martin*, we held that a request for "all notes, records, memoranda, documents and communications made that [plaintiff] contends support its allegations" was so vague, ambiguous and overbroad as to amount to "a request that [defendant] be allowed to generally peruse all evidence [plaintiff] might have." 776 S.W.2d at 148.

■ In the present case, too, the discovery request is overly broad. The principal issue in the underlying litigation is whether defendants were grossly negligent in exposing plaintiffs' decedents to asbestos, benzene, and other such toxic substances. Plaintiffs argue that they want to prove a general "corporate strategy to ignore safety laws." While plaintiffs are entitled to discover evidence of defendants' safety policies and practices as they relate to the circumstances involved in their allegations, a request for all documents authored by Sexton on the subject of safety, without limitation as to time, place or subject matter, is overbroad. For example, plaintiffs have not demonstrated how the requested information relating to fire training bears any relation to the case at all. Defendants have agreed to produce the documents which pertain to their attitude about the risks of which plaintiffs complain for relevant times and places. Plaintiffs are not entitled to any more.

■ A specific request for discovery reasonably tailored to include only matters relevant to the case is not overbroad merely because the request may call for some information of doubtful relevance. Parties must have some latitude in fashioning proper discovery requests. The request in this case, however, is not close; it is well outside the bounds of proper discovery. It is not merely an impermissible fishing expedition; it is an effort to dredge the lake in hopes of finding a fish.

The trial court's ruling requiring production beyond that permitted by the rules of procedure was a clear abuse of discretion. Defendants have no adequate remedy by appeal. *See Lawrence,* 651 S.W.2d at 734; *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex. 1992). Defendants are therefore entitled to relief by mandamus.

■ The trial court held that defendants had waived their claims of privilege by failing to assert them properly in response to plaintiffs' discovery request. Defendants have filed a second petition for mandamus seeking review of this holding. Rule 166b.4 of the Texas Rules of Civil Procedure requires that an assertion that requested information is exempt or immune from discovery must be made only in response to "an appropriate discovery request within the scope of paragraph 2". Because plaintiffs' request was not an appropriate request due to its overbreadth, defendants were not obliged to assert their claims of privilege when they lodged their initial objection to the request, and any deficiency in defendants' response cannot constitute waiver. Defendants must have an opportunity to assert any claims of privilege when a proper discovery request is made. The trial court's denial of defendants' privilege claims was also a clear abuse of discretion for which defendants have no adequate remedy by appeal. *Walker,* 827 S.W.2d at 843.

Accordingly, a majority of the Court grants relators' two motions for leave to file petitions for mandamus, and without hearing oral argument, conditionally grants writs of mandamus to direct the district court to vacate its orders granting plaintiffs' motion to compel and denying defendants' claims of privilege. Tex.R.App.P. 122. The writs will issue only if the district court fails to act promptly in accord with this opinion.