**DILLARD DEPARTMENT STORES, INC., Mr. K.D. Skelton and Mr. Donald Golding, Relators,**

v.

**The Honorable Richard HALL, Judge, Respondent.**

No. 95–0548.

Supreme Court of Texas.

July 7, 1995.

Rehearing Overruled Oct. 27, 1995.

Brock C. Akers, Houston, Evelyn T. Ailts, Houston and Kevin G. Corcoran, Houston, for relators.

Lester R. Buzbee, III, Conroe, for respondent.

PER CURIAM.

Albert Parker sued Dillard and two of its employees alleging they subjected him to false arrest and inflicted personal injury when they detained him while shopping at a Dillard store in Houston, Texas. In January 1994, Parker filed his second request for the production of documents, including:

> Copies of all complaints, including lawsuits filed against Defendant, which involve an alleged wrongful detention, arrest, civil rights violation, or any other complaint similar to the complaint of Plaintiff. If there are numerous lawsuits, you may produce the names of the court, case numbers and plaintiffs' names, and attorneys' names and addresses.

Dillard objected that the request was overly broad, burdensome, and not reasonably calculated to lead to relevant evidence. It supported the objections with affidavit evidence that Dillard has 227 stores in twenty states, of which sixty are located in Texas and eight in Houston. Parker filed a motion to compel production but before the matter could be

heard, he agreed to accept production of documents concerning substantially similar claims in Harris County for two years prior to the incident. Dillard produced those documents.

In September 1994, Parker filed his third request for documents from Dillard, seeking a computer report and the incident reports and claims files for 668 named customers who had filed false arrest claims from stores across the country during the years 1984 through 1992. Dillard again objected that the request was overly broad, burdensome, and not calculated to lead to relevant evidence. Parker filed a motion to compel compliance with his second and third requests for production of documents.

■ The trial court ordered Dillard to produce every claims file and incident report prepared from 1985 through 1990 in every lawsuit or claim that involved allegations of false arrest, civil rights violations, and excessive use of force. It also ordered production of a computer-generated listing of these claims. Parker states in his response to Dillard's motions in this court that he wants the discovery because he hopes to show a policy of racial discrimination. He states that he needs the discovery because he cannot include such claims in his pleadings without violating rule 13 of the Texas Rules of Civil Procedure.

■ As presently postured, this is a simple false arrest case. Parker admits that he wants the document production to explore whether he can in good faith allege racial discrimination. This is the very kind of "fishing expedition" that is not allowable under rule 167 of the Texas Rules of Civil Procedure. *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex.1989). Unlike depositions and interrogatories, requests for document production may not be used simply to explore. *Id.*

■ The scope of discovery is largely within the discretion of the trial court. However, a discovery order that compels overly broad discovery "well outside the bounds of proper discovery" is an abuse of discretion for which mandamus is the proper remedy. *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813,

815 (1995). We hold that a twenty-state search for documents over a five-year period is overly broad as a matter of law. Accordingly, a majority of the Court grants relator's motion for leave to file petition for writ of mandamus, and without hearing oral argument, conditionally grants the writ to direct the district court to vacate its order granting plaintiff's motion to compel. Tex.R.App.P. 122. The writ will issue only if the district court fails to act promptly in accord with this opinion.