**K MART CORPORATION and Weingarten Realty Management Company, Relators,**

v.

**The Honorable Gary SANDERSON, Respondent.**

No. 96–0010.

Supreme Court of Texas.

Oct. 18, 1996.

Rehearing Overruled Feb. 21, 1997.

**430**

Brock C. Akers, Evelyn T. Ailts, Phillips & Akers, Martin John de la Torre, Houston, for relators.

Chris E. Quinn, Richard J. Clarkson, Reaud Morgan & Quinn, Beaumont, for respondent.

PER CURIAM.

Much like *Dillard Department Stores, Inc. v. Hall,* 909 S.W.2d 491 (Tex.1995) (per curiam), and *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813 (Tex.1995) (per curiam), this original mandamus proceeding involves discovery that is clearly excessively broad.

Stacey Thompson sued K Mart, a Michigan corporation, to recover actual and punitive damages not exceeding $30 million for injuries she received when she was abducted from a K Mart store parking lot in Lufkin and raped. Thompson also sued Weingarten Realty Management Company, a Texas corporation. Thompson alleged that these defendants (to whom we refer collectively as K Mart) and others were negligent and grossly negligent in failing to make adequate provisions for her safety. Although the incident occurred in Angelina County, where Thompson resides, Thompson filed suit in Jefferson County.

Thompson requested K Mart to produce all documents "which relate to, touch or concern the allegations of this lawsuit", all documents "reflecting the incident made the basis of this lawsuit", and any document "which is not work product which relates in any way to this incident". K Mart objected to these requests on the grounds that they would require production of work product and are "overly broad, unduly burdensome and would require [K Mart] to turn over its entire file and gather evidence from every known source so as to try the entire case in this discovery response." The district court overruled K Mart's objections and ordered production of the documents.

One of Thompson's three requests excludes work product; the other two do not. The order compelling production does not mention work product. Since the record does not reflect any basis for compelling K Mart to produce work product, the district court erred in doing so.

K Mart argues that Thompson's requests were improper under our decision in *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989), which held:

> Loftin has requested all evidence that supports Lumbermens' allegations. The request does not identify any particular class or type of documents but it is merely a request that Loftin be allowed to generally peruse all evidence Lumbermens might have. We hold that such request was vague, ambiguous, and overbroad and that the trial court was within its sound discretion in sustaining Lumbermens' objection. No one seeks to deny Loftin's right to see evidence against him, but he must formulate his request for production with a certain degree of specificity to allow Lumbermens to comply.

We think the request in the present case is distinguishable from the one in *Loftin.* Thompson requested all documents relating to the incident in which she was injured, not all documents which support K mart's position or which relate to the claims and defenses in the cause of action. Because the inci-

dent was an isolated occurrence, we think a reasonable person would understand from the request what documents fit the description. It would be better, of course, to be more specific. We do not hold that a request as broad as Thompson's is proper in every circumstance. Here, however, the district court did not abuse its discretion in enforcing Thompson's requests, except for requiring production of work product.

Thompson also served the three following interrogatories on K Mart:

10. Please describe by date and offense type any criminal conduct that occurred in the K Mart store or parking lot in the shopping center in question during the last seven (7) years.

15. Please list all criminal activities at all property owned, leased or managed by both K Mart Corporation or Weingarten Realty Management Company in the State of Texas during the last seven years that relate in any way to the alleged failure to provide adequate security allegedly resulting in any sort of physical injury to any person.

16. Have there been other incidents at K Mart Stores owned by Weingarten Realty Management Company nationwide in which a person was abducted from the premises and raped? If so, please state the date and location of each such incident that occurred within the last ten years.

Thompson also requested production (request 19) of all documents related to interrogatory 15. K Mart objected to the interrogatories and request as being overly broad and burdensome. The district court overruled K Mart's objections.

■ In *Texaco, Inc. v. Sanderson,* plaintiffs claimed damages for exposure to toxic chemicals. At plaintiffs' request, the district court ordered production of all documents written by Texaco's safety director concerning "safety, toxicology, and industrial hygiene, epidemiology, fire protection and training." 898 S.W.2d at 814. We granted mandamus relief, holding the request to be so excessively broad as to be "well outside the bounds of proper discovery." *Id.* at 815.

The same may be said of Thompson's interrogatory 10. It would require K Mart to give the date of every shoplifting offense for the past seven years, though shoplifting on K Mart's premises has no apparent connection to Thompson's injury or cause of action.

■ In *Dillard Department Stores, Inc. v. Hall,* plaintiff sued Dillard for false arrest. At plaintiff's request, the trial court ordered Dillard to produce "every claims file and incident report prepared from 1985 through 1990 in every lawsuit or claim that involved allegations of false arrest, civil rights violations, and excessive use of force" for each of its 227 stores located in twenty states. 909 S.W.2d at 491–492. We granted mandamus relief, holding that the requested discovery was "overly broad as a matter of law." *Id.* at 492. Thompson's interrogatories 15 and 16 are likewise overly broad. The likelihood that criminal conduct on the parking lot of a K Mart store or other property owned by Weingarten in El Paso or Amarillo as long ago as 1989, or outside Texas as long ago as 1986, will have even a minuscule bearing on this case is far too small to justify discovery.

■ A reference in *Loftin* suggests that interrogatories and depositions may properly be used for a fishing expedition when a request for production of documents cannot. *Loftin,* 776 S.W.2d at 148 ("Unlike interrogatories and depositions, Rule 167 is not a fishing rule."). We reject the notion that any discovery device can be used to "fish". The burden of answering interrogatories like those in this case is hardly less to K Mart than producing documents containing the same information. The district court's order requiring K Mart to answer interrogatories 10, 15 and 16, and to produce documents related to interrogatory 15 called for in request 19, exceeded the bounds of discovery permitted by the rules of procedure and was a clear abuse of discretion. K Mart has no adequate remedy by appeal and is therefore entitled to relief by mandamus. *Dillard,* 909 S.W.2d at 492 ("A discovery order that compels overly broad discovery 'well outside the bounds of proper discovery' is an abuse of discretion for which mandamus is the proper remedy"); *Texaco,* 898 S.W.2d at 815 ("The

trial court's ruling requiring production beyond that permitted by the rules of procedure was a clear abuse of discretion. Defendants have no adequate remedy by appeal."). *See General Motors Corp. v. Lawrence,* 651 S.W.2d 732, 734 (Tex.1983); *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992).

Accordingly, the Court grants K Mart's motion for leave to file petition for writ of mandamus and, without hearing argument, grants K Mart's petition and directs the district court to vacate its order dated September 13, 1995. The writ will not issue unless the district court fails to comply promptly. Further proceedings should be consistent with this opinion.

ABBOTT, J., did not participate in the decision.