**In re SEARS, ROEBUCK AND COMPANY,**

and

**In re Ford Motor Company.**

**Nos. 09–04–337 CV, 09–04–338 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted Aug. 24, 2004.

Decided Sept. 23, 2004.

**330**

David M. Gunn, Anne M. Pike, Mo Taherzadeh, Back, Redden & Secrest, James A. Newsom, Munisteri, Sprott, Rigby, Newsom & Robbins, Houston, for relator, in no. 09-04-337-CV.

Craig Morgan, Brown McCarroll, Austin, Sean J. Higgins, Brown McCarroll, Houston, for relator, in no. 09-04-338-CV.

Susan Hays, Law Office of Susan Hays, Charles S. Siegel, Waters & Kraus, Dallas, Paul D. Henderson, Dies, Dies & Henderson, Orange, Richard J. Clarkson, Beaumont, for real party in interest.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Sears, Roebuck and Company and Ford Motor Company each filed a petition for writ of mandamus challenging the trial court's discovery rulings in the underlying automotive brake asbestos litigation.[1] The real parties in interest are the mother and father[2] of Albert Douglas, Jr., who died at age 26 of mesothelioma. The parents allege their son was exposed to asbestos brought home on his stepfather's clothing, tools, and other effects. His stepfather worked at a Sears Automotive repair shop and allegedly was exposed to asbestos in automotive brakes.[3]

 A party is entitled to mandamus relief if the trial court abuses its discretion and there is no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). A trial court's discovery ruling that requires production of documents beyond what procedural rules permit is an abuse of discretion and is subject to mandamus. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex.2004).

Plaintiffs submitted the following requests to Ford and Sears for workers' compensation files:

Ford:

All workers compensation files of present or former Ford mechanics, or other Ford Motors Company's employees who worked in a Ford garage and allege asbestos exposure during that job, in which the claimant is/was alleging asbestos related injury or illness. Names of the employees may be redacted to protect confidential medical information.

Sears:

Please produce the entire claim file of all of the "Asbestos Workers' Compensation Claims" listed on the chart produced during the deposition of Sears Corporate Representative David Half-

---

1. Because the two mandamus petitions arise out of the same litigation and the issues presented are related, we address both petitions in this opinion.

2. Albert Douglas, Sr. appears individually and as personal representative of the heirs and Estate of Albert Douglas, Jr.

3. They also allege exposure to asbestos on his father's clothing, tools, and other effects. His father was employed by General Motors.

field taken in this case on April 28, 2004. The names of the individual claimants may be redacted to preserve confidentiality of the medical information.

Ford argues the workers' compensation files are not relevant and are not calculated to lead to the discovery of relevant and admissible evidence. Ford also says the request is overly broad, unduly burdensome, asks for hearsay, and violates privilege and confidentiality rules. Sears says the discovery request is an overly broad "fishing expedition."

A party may obtain discovery regarding matters that are not privileged and are relevant to the subject matter of the pending action. Tex.R. Civ. P. 192.3(a). "It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant evidence is evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R. Evid. 401.

■ Requests for production of documents may not be used simply to explore. *Dillard Dep't Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex.1995); *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex.1989). Discovery requests must be reasonably tailored and include only matters relevant to the case. See *In re Am. Optical Corp.,* 988 S.W.2d 711, 713(Tex.1998). A request for "all documents relevant to the lawsuit" is overly broad. See Tex.R. Civ. P. 193 cmt. 2. A trial court must make an effort to set reasonable discovery limits. *In re Am. Optical Corp.,* 988 S.W.2d at 713; *see also generally Explanatory Statement Accompanying the 1999 Amendments to the Rules of Civil Procedure Governing Discovery,* Order of Approval of the Revisions

to the Texas Rules of Civil Procedure, Misc. Docket No. 98–9196(Tex.Nov. 9, 1998), printed at 61 Tex. Bar J. 1140 (Dec. 1998) ("The rules of procedure must provide both adequate access to information and effective means of curbing discovery when appropriate to preserve litigation as a viable, affordable, and expeditious dispute resolution mechanism.").

■ Relying on *Nissan Motor Co. LTD. v. Armstrong,* 145 S.W.3d 131 (Tex.2004), Ford maintains the workers' compensation files are irrelevant. For evidence of a similar incident to be admissible, the incident at least must have occurred under reasonably similar conditions. *Id.* at 143. The Supreme Court stated in *Nissan,* "[I]n exercising discretion regarding admissibility, trial courts must carefully consider the bounds of similarity, prejudice, confusion, and sequence before admitting evidence of other accidents involving a product." *Id.* at 138. As to Nissan's consumer complaint database file, the Supreme Court held that mere claims of previous accidents cannot prove a product is defective. *Id.* at 139. The Court explained that a "number of complaints may require a prudent manufacturer to investigate, and may presage liability if those complaints are substantiated and the manufacturer does nothing. But a large number of complaints cannot alone raise a fact question that a defect exists." *Id.* at 139.

Ford says the workers' compensation files are hearsay and are being sought to show the workers' exposure caused the disease. Ford argues the files are inadmissible under the *res inter alios acta* doctrine, and says evidence of a party's transactions with other parties generally would be irrelevant, immaterial, and unfairly prejudicial. See *Oakwood Mobile Homes, Inc. v. Cabler,* 73 S.W.3d 363, 375(Tex.App.-El Paso 2002, pet. denied). See also *Missouri Pac. R.R. Co. v. Rob-*

*erts,* 849 S.W.2d 367, 369–70 (Tex.App.-Eastland 1993, writ denied) (holding the doctrine no longer exists independent of Texas Rules of Evidence 401–404). The plaintiffs say the files are not sought to establish causation in this case, but to show "what Ford knew, when it knew it, and what it did about it."

We cannot determine, from the vantage point of this discovery mandamus, that none of the requested documents would contain relevant admissible evidence. Many of the files may be irrelevant, but some of the workers' compensation documents may have a tendency to show a fact of consequence in the case, and may not necessarily be categorized as hearsay. Conceivably, a company's knowledge, determined in a compensation file, of a proven asbestos injury to a company's employee caused by the company's brakes under significantly similar exposure and relevant circumstances "may presage liability" "if the manufacturer does nothing." *See Nissan,* at 139.

■ However, though some requested documents may be relevant, a discovery request may still be overbroad as phrased or impose an unreasonable expense. Under Tex.R. Civ. P. 192.4, the trial court must limit the discovery methods permitted by the Rules if the court determines that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive" or the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

Ford produced evidence that the workers' compensation claim files are only indexed by employee name or employee number, not by disease or injury, job description, or category; and there is no computerized database of all workers' compensation claims information that would allow retrieval of the information sought. Further, Ford says the workers' compensation files are not stored in one centralized location but at multiple locations throughout the United States. Ford explains it would have to manually review each of the thousands of workers' compensation files at a cost of over $3,000,000. The requests for production to Ford and Sears do not identify specific documents, but instead simply ask, in Ford's case, for "all" files and, in Sears' case, for the entire claim file for a specified list of Sears' employees. The request made to Ford asks for all workers' compensation files of any Ford employee who ever worked in a Ford garage or as a Ford mechanic and who filed a claim for asbestos-related injury and illness. The request is not restricted or limited as to occupation, product, exposure, time frame, or locale, but rather includes any Ford garage anywhere in the world at any time. The request to Sears asks for the workers' compensation files of each claimant listed on a chart produced during a deposition of a Sears' representative. The request encompasses any of the listed Sears' workers' compensation claims concerning any asbestos-containing product. That list includes claims from 1988 to 2003; the list is not specific as to occupation, locale, product, or exposure, and the time frame continues well beyond the alleged exposure dates.

■ Discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period are impermissibly overbroad. *In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex.2003) (citing *In re Am. Optical,* 988 S.W.2d at 713 and *Dillard,* 909 S.W.2d

at 492). Although a responding party must object to an overly broad request, and litigants are expected to cooperate in discovery and make any agreements reasonably necessary for the efficient disposition of the case, a responding party does not have the burden to tailor a reasonable discovery request for the requesting party. *See generally In re Am. Optical,* 988 S.W.2d at 712–13. The requesting party has the responsibility to narrowly tailor its requests to produce. *Id.* at 713. The discovery requests here are not narrowly tailored and are overly broad. They are the kind of "fishing expedition" the Supreme Court has repeatedly struck down. *See, e.g., In re CSX Corp.,* 124 S.W.3d at 153; *In re Am. Optical,* 988 S.W.2d at 713; *Dillard,* 909 S.W.2d at 492; *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex. 1995).

The overbreadth issue affects the parties' other arguments concerning the workers' compensation files. Both Ford and Sears claim the files contain medical reports or evaluation forms protected by privacy rights. As presently written, the requests to Ford would result in the production of documents from all over the country, perhaps the world—wherever the files are maintained. The requests to Sears would require the production of the entire file of each claimant specified—no matter the product, the location, or the occupation. Until the requests are narrowly tailored to specific documents related to specific relevant locales, exposures, and products during specific relevant time periods, and, if necessary, an in-camera inspection is made, the viability of any objection based on privilege, confidentiality, or burden cannot be determined. It may be, even if the requests are narrowly tailored, the cost or burden of production of relevant documents, particularly in a way that protects nonparties' privileges or confidential information, would remain unreasonable. Possibly other discovery tools must be utilized to determine the relevant information, or to initially determine how to obtain relevant documents in a more cost-efficient manner. At this stage, however, we do not decide the parties' other issues concerning these requests for production because, as phrased, the overly broad requests for workers compensation files cannot stand.[4]

■■■■■ The remaining production requests relate to Sears and are set out below:

> Please produce the minutes of all meetings of the board of directors of Sears where any of the following were discussed: asbestos, asbestos disease, asbestos products, asbestos-related claims.

> Please produce all resolutions of the board of directors of Sears where any of the following were discussed: asbestos, asbestos disease, asbestos products, asbestos related claims.

---

4. Texas Rule of Civil Procedure 196.6 provides that "[u]nless otherwise ordered by the court for good cause, the expense of producing items will be borne by the responding party and the expense of inspecting, sampling, testing, photographing, and copying items produced will be borne by the requesting party." A responding party may produce documents "as they are kept in the usual course of business." Tex.R. Civ. P. 196.3(c). Because the requests are overly broad, we do not address the issue of privilege of some of the records currently requested, or the possibility of a division of the cost of protecting nonparties' privileges. There is no showing of an attempt to use discovery tools other than the requests for production at issue to discover the relevant information. However, "[p]arties and their attorneys are expected to cooperate in discovery and to make any agreements reasonably necessary for the efficient disposition of the case." Tex.R. Civ. P. 191.2. *See In re Alford Chevrolet–Geo,* 997 S.W.2d 173, 184 (Tex.1999).

All asbestos related OSHA violations/citations received by Sears at any time. All asbestos related violations/citations received by Sears at any time from any local, county, state, and/or federal governmental entity.

Sears objected that each request was overly broad.

None of the requests is limited to the automotive brake products at issue in the case. Plaintiffs argue they are entitled to discovery of all of Sears' asbestos-related products because the issue is Sears' knowledge of the danger of asbestos in general to show "what Sears knew and when it knew it." However, only the asbestos-containing products to which the plaintiffs claim their son was indirectly exposed are involved in this lawsuit. *See generally In re Am. Optical,* 988 S.W.2d at 711–12. The trial court's ruling requires Sears to produce, in effect, virtually every board of directors' "minutes" and resolution ever generated relating to asbestos—without tying the discovery to the type of exposure, a reasonable time period, the relevant location, and the particular products or work involved. The same problem exists with the requests for OSHA records. There is no limitation as to the time period, the location, the product or the exposure at issue. The same is true for the request for all asbestos-related violations from any local, county, state, or federal governmental entity—an even broader request than the one for OSHA records. *See In re CSX Corp.,* 124 S.W.3d at 152–53(discussion of overly broad requests for time period, locale, and subject matter); *see also Texaco, Inc.,* 898 S.W.2d at 814–15(In case involving exposure to toxic chemicals that allegedly caused asbestos-related disease, a request for "all documents written by [defendant's safety director] that concern[ed] safety, toxicology, and industrial hygiene, epidemiology, fire

protection and training" was overly broad.) The requests are overly broad.

The trial court abused its discretion in ordering Sears and Ford to comply with overly broad production requests. We conditionally grant the petitions for writ of mandamus, and order the trial court to vacate its discovery orders of July 15, 2004, July 29, 2004, and August 18, 2004, and to conduct further proceedings consistent with this opinion. We are confident the trial court will comply with this ruling. The writ will not issue unless the district court fails to comply.

WRIT CONDITIONALLY GRANTED.