In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-392 CV


____________________



IN RE MOBIL OIL CORPORATION, MOBIL OIL REFINING 


CORPORATION AND MOBIL CHEMICAL COMPANY, INC.






Original Proceeding






MEMORANDUM OPINION



 This mandamus proceeding involves a discovery request for a witness's personnel
file. The court ordered production of all documents "that are not subject to privacy rights
or are not privileged[.]" (1) We conditionally grant the writ. 

 A party is entitled to mandamus relief if the trial court abuses its discretion and
there is no adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)
(orig. proceeding). A trial court's discovery ruling that requires production of documents
beyond what procedural rules permit is an abuse of discretion and is subject to
mandamus. In re Dana Corp., 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding). 

 Relators Mobil Oil Corporation, Mobil Oil Refining Corporation, and Mobil
Chemical Company, Inc. are defendants in the underlying asbestos litigation. The real
parties in interest and plaintiffs are family members of Joyce Myers, who died from
mesothelioma. The real parties in interest allege Myers' exposure to the asbestos
occurred when she laundered the clothing of her husband, who worked at Mobil's
facilities in Beaumont, Texas. Mobil designated Johnny Casmore as a witness and
stated he will testify at trial "about his years of experience as an employee of Mobil and
safety policies and practices of Mobil." Plaintiffs' requested Mobil produce Casmore's
medical and personnel files. Mobil objected on many grounds, including that the
information sought was not relevant to the subject matter of the litigation and production
could violate Casmore's privacy rights. In response to plaintiffs' motion to compel,
Mobil submitted two affidavits. One affidavit is from the company's Human Resources
Department manager and explains why the documents are considered private. The other
affidavit is from Casmore himself and states his objection to the release of the files. 
Plaintiffs abandoned their request for the witness's medical records. 

 Mobil contends plaintiffs made no showing the personnel file of the witness was
relevant to the asbestos exposure claim, and plaintiffs should be required to serve a
narrowly tailored discovery request asking only for relevant documents. Mobil argues
that allowing routine discovery of entire personnel files of non-party witnesses would
discourage witnesses from testifying and unnecessarily burden employers and courts who
must screen the personnel files to protect privacy concerns. 

 Plaintiffs' argue "As a general rule, the burden of pleading and proving the
requested evidence is not relevant falls upon the party seeking to prevent discovery," and
that Mobil failed to meet that burden. Plaintiffs maintain that the personnel file is
obviously relevant. Plaintiffs contend any privacy concerns can be adequately protected
through an in camera inspection of the documents by the trial court. 

 The first issue we address is which party has the burden to show the relevance of
the personnel file, as the parties disagree. The Rules of Civil Procedure provide that, in
general, a party may obtain discovery regarding any matter that is not privileged and is
relevant to the subject matter of the pending action. Tex. R. Civ. P. 192.3(a). The
discovery here is a request for documents. Rule 192.3(b) says a party may obtain
discovery of the contents of documents "that constitute or contain matters relevant to the
subject matter of the action." Tex. R. Civ. P. 192.3(b).

 Relevance to the subject matter of the pending action determines the proper scope
of the discovery here. See In re Plains Mktg., L.P., 195 S.W.3d 780, 782 (Tex. App.--Beaumont 2006, orig. proceeding) (The discovery matter requested must be relevant to
the subject matter of the pending litigation.). Requests for production of documents may
not be used simply to explore. Dillard Dep't Stores, Inc. v. Hall, 909 S.W.2d 491, 492
(Tex. 1995); Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989). The Supreme Court has
held that requests for discovery must be tailored by the requesting party to include only
matters relevant to the case. In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998)
(orig. proceeding) ("[R]equests must be reasonably tailored to include only matters
relevant to the case."); Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 814 (Tex. 1995) (orig.
proceeding) ("Discovery is limited to matters relevant to the case."); see also In re TIG
Ins. Co., 172 S.W.3d 160, 164 (Tex. App.--Beaumont 2005, orig. proceeding) ("Requests
must be tailored to include only matters relevant to the case."); In re Weir, 166 S.W.3d
861, 864 (Tex. App.--Beaumont 2005, orig. proceeding) ("Protecting privacy rights
require scrupulous limitation of discovery to relevant and material information that
promotes justice between the parties."); In re Sears, Roebuck & Co., 146 S.W.3d 328,
331 (Tex. App.--Beaumont 2004, orig. proceeding) ("Discovery requests must be
reasonably tailored and include only matters relevant to the case."). The requesting party
has the responsibility to tailor its discovery requests; the tailoring is not the responsibility
of the court or the responding party. See In re TIG, 172 S.W.3d at 168 ("The burden to
propound discovery complying with the rules of discovery should be on the party
propounding the discovery, and not on the courts to redraft overly broad discovery so
that, as re-drawn by the court, the requests comply with the discovery rules."); In re
Sears, 146 S.W.3d at 333 ("[A] responding party does not have the burden to tailor a
reasonable discovery request for the requesting party."). We do not accept the assertion
that the responding party must show the documents requested are irrelevant to the
pending action. To the contrary, the requesting party has the initial responsibility of
drafting discovery requests tailored to include only matters relevant to the case. See Am.
Optical Corp., 988 S.W.2d at 713; In re TIG, 172 S.W.3d at 168. 

 We next consider whether the document request here is reasonably tailored to
include only matters relevant to the pending action. Plaintiffs assert the relevance of the
personnel file is obvious because the witness will testify about his employment at Mobil. 
During the hearing on plaintiffs' motion to compel, plaintiffs stated the following as to
the relevance of Casmore's personnel file:

 We do have a relevance basis because this is a witness that they, at
their own election, have chosen to do as a fact witness during his
employment. Those records may provide us with information such as what
employment positions he had, what incidences he may have been involved
in with asbestos, any number of others. . . . We're asking for information
that is inherent to his employment history at this facility for which they are
tendering him as a witness.


Although Plaintiffs' position at the hearing on the motion to compel was that Casmore's
personnel file was relevant with respect to facts surrounding Casmore's employment
history and his involvement with asbestos, Plaintiffs requested Mobil produce Casmore's
entire personnel file. Assuming some documents or information in the file may be shown
to be relevant, it seems equally obvious the personnel file likely includes documents and
information that have no relevance to this asbestos exposure claim. There is nothing
about the location of a document in the personnel file that necessarily makes it relevant to
the pending action. 

 Rule 192.4 of the Texas Rules of Civil Procedure addresses the trial court's role in
limiting the scope of discovery methods in part as follows:

 The discovery methods permitted by these rules should be limited by
the court if it determines, on motion or on its own initiative and on
reasonable notice, that:

 (a) the discovery sought is unreasonably cumulative or duplicative,
or is obtainable from some other source that is more convenient, less
burdensome, or less expensive; or

 (b) the burden or expense of the proposed discovery outweighs its
likely benefit, taking into account the needs of the case, the amount in
controversy, the parties' resources, the importance of the issues at stake in
the litigation, and the importance of the proposed discovery in resolving the
issues. 


Tex. R. Civ. P. 192.4. At the time of Mobil's petition for mandamus, Casmore's
deposition had been scheduled but he had not been deposed. If the information plaintiffs'
seek from Casmore's personnel file is limited to his employment history and incidences
he may have been involved in with asbestos, as was argued by plaintiffs at the hearing,
that information would likely be obtainable by deposition. 

 The discovery request is not tailored to ask only for documents that can be shown
to be relevant to the asbestos exposure claim. The writ is therefore conditionally granted. 
We are confident the trial court will withdraw its order compelling production. The writ
will issue only if the trial court does not comply with this Opinion.


 WRIT CONDITIONALLY GRANTED.

 PER CURIAM


Submitted on September 22, 2006

Opinion Delivered October 26, 2006


Before Gaultney, Kreger, and Horton, JJ.
1. The court has also ordered documents which are subject to privacy rights or an
assertion of privilege to be produced for in camera inspection with a privilege log.