Opinion issued May 18, 2009

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-09-00235-CV






IN RE STEADFAST INSURANCE COMPANY, Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION (1)


 This proceeding arises from the trial court's grant of a motion to compel
production filed by real party in interest, David Law. Relator, Steadfast Insurance
Company ("Steadfast"), asserts that request for production number 28 and
interrogatory number 8 are overbroad and unduly burdensome. We conclude that
request for production number 28 and interrogatory number 8 are overbroad because
they are not properly limited by time and geographic expanse. Accordingly, we
conditionally grant mandamus relief. 

Background


 Forest Oil Corporation ("Forest") owned and operated the 466-B Oil Drilling
platform off the coast of Galveston, Texas. Law served as project supervisor to plug
and abandon the well. However, the well could not be plugged because an old fishing
tool was lodged within. 

 While trying to remove the tool, Marion Yeager was killed by exploding metal
fragments. Law assisted in Forest's initial investigation of the accident, was
interviewed by Minerals Management Service investigators regarding the accident
and was present when the pipe involved in the accident was tested. Subsequently, 
Forest terminated Law. 

 Yeager's heirs sued Forest. Counsel for the heirs noticed Law's deposition. 
However, Law could not be found in time for his deposition, and he was not deposed. 
Forest and its insurers settled with Yeager's heirs. The settlement agreement
explicitly omitted Law and his employer, Drilling & Completion Supervisors, Inc.
("DCS"). 

 Forest sued Law and DCS, claiming common law indemnity in excess of
$3,000,000. The indemnity claim is premised upon the allegation that Forest incurred
liability to Yeager's heirs because of Law's negligence. Yeager's heirs also filed suit
against Law and DCS, asserting wrongful death and survivor claims. Law filed third
party claims against Steadfast, Forest's primary coverage insurer, and Associated
Electric & Gas Insurance Services Limited ("AEGIS"), Forest's excess coverage
insurer. In his third party claims, Law sued Steadfast and AEGIS for violation of the
Texas Insurance Code and the Texas Deceptive Trade Practices Act, breach of
common law duty of good faith and fair dealing, and breach of contract. Law sought
a judgment from the trial court holding Steadfast responsible to Law for indemnity
against any judgment against him in the suit. 

 Law served Steadfast with requests for production and interrogatories. 
Steadfast timely served its objections and responses, withholding statements, and
privilege logs. Thereafter, Law moved to compel production of the requested
documents and information. Request for production number 28 and interrogatory
number 8 provide:

Request No. 28: Your entire claim file for each claim in which you
have been alleged to have acted in bad faith or in
breach of an insurance policy with respect to a claim
against an employee, borrowed servant, consultant
or subcontractor for your insured for the period
beginning on January 1, 1998 through the present.


Interrogatory 

No. 8: Identify each insurance claim in which you have
been alleged to have acted in bad faith or in breach
of an insurance policy with respect to a claim against
an employee, borrowed servant, consultant or
subcontractor for your insured for the period
beginning on January 1, 1998 through the present
including for each such claim the court and case
number; contact information for all parties,
attorneys, adjusters, insurance agents, insurance
brokers, insureds and claimants involved. 


After in camera review of the documents designated by Steadfast and AEGIS as
privileged, the trial court signed an order granting the motion to compel. The order
imposes specific time and context constraints on many of the requests for production
and interrogatories. In its order, the trial court restricted request for production
number 28 and interrogatory number 8 accordingly: "Discovery is ordered as to such
matters that developed into a lawsuit to which Steadfast or AEGIS have been a
party." 

 On February 20, 2009, Steadfast moved for reconsideration of the court's order
by producing a supplemental affidavit. That affidavit demonstrates that there are
5,586 claim files that Steadfast would have to examine individually to satisfy request
for production number 28 and interrogatory 8, at a cost of $160,000. 

Motion to Compel Production Steadfast contends that request for production number 28 and interrogatory
number 8 are overbroad and unduly burdensome. Law asserts that the trial court
tailored request for production number 28 and interrogatory 8 and that they are not
overbroad or unduly burdensome. 

 Mandamus relief is available only to correct a "clear abuse of discretion" when
there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding). Clear abuse of discretion occurs when a trial court "reaches
a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error
of law." Id. (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985) (orig. proceeding)). The reviewing court may not substitute its judgment for
that of the trial court when reviewing factual issues. Id. at 839-40. Even if the
reviewing court would have decided the issue differently, it cannot disturb the trial
court's decision unless the decision is shown to be arbitrary and unreasonable. Id. at
840. Mandamus relief is proper when a trial court erroneously orders the production
of privileged information that materially affects the rights of the aggrieved party. Id.
at 843. A discovery order compelling overly broad discovery "well outside the
bounds of proper discovery" is an abuse of discretion remedied by mandamus. 
Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex. 1995). 

 The scope of discovery is generally within the trial court's discretion. Dillard
Dept. Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995). The trial court abuses
its discretion by ordering discovery that exceeds the parameters permitted by the rules
of procedure. Texaco, Inc., 898 S.W.2d at 815. A discovery request must be
reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ.
P. 192.3(a). Evidence must be relevant to be admissible. Tex. R. Evid. 402. 
Evidence is relevant if it has a tendency to make the existence of a fact that is
consequential to the determination of the action more probable or less probable than
it would be without the evidence. Tex. R. Evid. 401. 

 Discovery requests must be limited by time, place, and subject matter. In re
Xeller, 6 S.W.3d 618, 626 (Tex. App.--Houston [14th Dist.] 1999, orig. proceeding). 
"Although the scope of discovery is broad, requests must demonstrate a reasonable
expectation of obtaining information that will aid the dispute's resolution." In re CSX
Corp., 124 S.W.3d 149, 152 (Tex. 2003). Discovery may not be used to impose
unreasonable expenses on the responding party. In re Alford Chevrolet-Geo, 997
S.W.2d 173, 180-81 (Tex. 1999). "Fishing" for evidence is impermissible. K Mart
Corp. v. Sanderson, 937 S.W.2d 429, 431 (Tex. 1996). A party embarks on a 
"fishing expedition" when it submits discovery requests that are "not narrowly
tailored and are overly broad." See In re Sears, Roebuck & Co., 146 S.W.3d 328, 333
(Tex. App.--Beaumont 2004, orig. proceeding). "[A] twenty-state search for
documents over a five-year period is overly broad as a matter of law." Hall, 909
S.W.2d at 492. An order compelling overly broad discovery is an abuse of discretion. 
Id. 

 In Hall, the plaintiff sued Dillard for false arrest and the infliction of personal
injury for detaining him while shopping at a Dillard store in Houston, Texas. Id. at
491. In his request for production, the plaintiff sought "[c]opies of all complaints,
including lawsuits filed against Defendant, which involve an alleged wrongful
detention, arrest, civil rights violation, or any other complaint similar to the complaint
of Plaintiff." To substantiate its assertion that the request was overly broad and
unduly burdensome, Dillard submitted affidavit evidence providing that Dillard had
227 stores in twenty states. "The trial court ordered Dillard to produce every claims
file and incident report prepared from 1985 through 1990 in every lawsuit or claim
that involved allegations of false arrest, civil rights violations, and excessive use of
force." Id. at 492. The supreme court noted two reasons justifying mandamus relief
for Dillard. First, the court recognized that because the plaintiff sought the discovery
to explore the viability of an allegation of racial discrimination, it was a classic
"fishing expedition." Id. Second, the supreme court held that "a twenty-state search
for documents over a five-year period is overly broad as a matter of law." Id.

 In K Mart Corp. v. Sanderson, the plaintiff, who had been abducted from a K
Mart parking lot in Lufkin and raped, alleged that K Mart was negligent in failing to
adequately provide for her safety. 937 S.W.2d at 429. The plaintiff asked K Mart in
an interrogatory to "[p]lease describe by date and offense type any criminal conduct
that occurred in the K Mart store or parking lot in the shopping center in question
during the last seven (7) years." Id. at 431. The supreme court reasoned that the
interrogatory was overbroad because K Mart would be required "to give the date of
every shoplifting offense for the past seven years, though shoplifting on K Mart's
premises has no apparent connection to [the plaintiff's] injury or cause of action." 
Id. Other of the plaintiff's interrogatories were held to be overbroad under similar
logic. Id. As in Hall, the supreme court determined that the plaintiff was "fishing." 
Id; see also Texaco, Inc., 898 S.W.2d at 814-15 (in case alleging exposure to toxic
chemicals, request for all documents written by defendant's safety director relating
to "safety, toxicology, and industrial hygiene, epidemiology, fire protection and
training" were overbroad and constituted fishing expedition.).

 Here, even after tailoring by the trial court, request for production number 28
and interrogatory number 8 are overbroad. In its affidavit, Steadfast states that (1)
there were exactly 5,586 claim files opened under an insurance policy issued by
Steadfast that developed into a lawsuit within the ten year period specified in the
discovery; (2) because Steadfast "writes many different lines of insurance policies in
nearly all 50 states and U.S. territories," only a "fraction" of these lawsuits involve
claims against Steadfast in Texas; (3) Steadfast has no way to determine whether it
is a named party in any lawsuit other than to manually review each claim file; and (4)
the cost of manually reviewing, redacting, and producing a response to request for
discovery 28 and interrogatory 8 could exceed $160,000. 

 In K Mart and Texaco, the supreme court characterized discovery requests as
"fishing expeditions" because they were overbroad and not narrowly tailored. See K
Mart, 937 S.W.2d at 431; Texaco, Inc., 898 S.W.2d at 815. Law, too, seeks to
conduct a fishing expedition. See K Mart, 937 S.W.2d at 431; Texaco, Inc., 898
S.W.2d at 815. Specifically, Law seeks insurance claims in which Steadfast is
alleged to have "acted in bad faith or in breach of an insurance policy." This broad
language encompasses conduct beyond Law's allegation of conspiracy to prevent him
from claiming insurance coverage. Additionally, Law is seeking discovery whose
production entails, according to evidence, approximately a fifty-state search over a
ten-year period. A discovery request requiring a fifty-state search over a ten-year
period is overbroad as a matter of law. See Hall, 909 S.W.2d at 492. Because request
for production 28 and interrogatory 8 are overbroad and not narrowly tailored, they
constitute an impermissible fishing expedition. See In re Sears, Roebuck & Co., 146
S.W.3d at 333 ("The discovery requests here are not narrowly tailored and are overly
broad. They are the kind of 'fishing expedition' the Supreme Court has repeatedly
struck down."). Accordingly, we conclude that the trial court abused its discretion
by granting the motion to compel with regard to request for production 28 and
interrogatory 8. See Hall, 909 S.W.2d at 492. 

Conclusion

 We conditionally grant the petition for writ of mandamus, and direct the trial
court to relieve Steadfast insurance of all obligation to respond to Law's request for
production number 28 and interrogatory 8. Nothing in this order precludes the trial
court from more narrowly tailoring the discovery. The writ will issue only if the trial
court fails to comply.



 Elsa Alcala

 Justice



Panel consists of Chief Justice Radack and Justices Alcala and Hanks.

 

 

 

 


1. The underlying case is Forest Oil Corporation v. Drilling & Completion Services,
Inc. and David Law, Cause No. 07-CV-1211, in the 56th Judicial District Court of
Galveston County, Texas, the Hon. Lonnie Cox, presiding.