In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-09-00450-CV


 _____________________



IN RE WYTHE II CORPORATION







Original Proceeding






MEMORANDUM OPINION





 This is an original proceeding arising out of post-judgment discovery propounded to
relator Wythe II Corporation. The discovery requests were submitted by John D. Stone, real
party in interest, in the context of questions concerning the sufficiency of a cash deposit in
lieu of a supersedeas bond and a motion for sanctions. We granted a temporary stay of
discovery pending our action on the petition for mandamus. Tex. R. App. P. 52.10(b). 
Mandamus relief is available if a trial court abuses its discretion and there is no adequate
appellate remedy. In re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003) (citing Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992)). 

 Wythe sued certain insurance entities. The defendants settled with Wythe for
$1,975,000. Stone, Wythe's attorney in the suit, filed an intervention to enforce his alleged
right to 40 percent of Wythe's settlement. The settlement proceeds were deposited into the
registry of the court. The trial court entered a judgment in favor of Stone against Wythe. In an August 28, 2009 order, this Court issued a temporary stay of enforcement of the
judgment below, but also permitted "other trial court proceedings (including any discovery
and [a scheduled sanctions hearing])." On October 1, 2009, this Court suspended the
enforcement of the judgment during the pendency of the appeal. 

 Stone sought to depose four relatives of Waleed Khan, president of Wythe, along with
an accountant and certain corporations. The trial court denied Wythe's motion to quash. 
Wythe filed a mandamus petition asking that the trial court be directed to vacate its orders
permitting Stone to seek the discovery, and to enter an order on Stone's sanctions motion
without further hearings. Wythe's petition also asks this Court to issue a writ of injunction
restraining Stone from pursuing any further discovery pending appeal.

 Stone argues he is entitled to discovery in his pursuit of sanctions against Wythe. (1)

 We conclude that, when necessary, limited discovery as part of a sanctions hearing is within
the trial court's discretion to permit. The discovery requests must conform to the rules of
discovery. See Tex. R. Civ. P. 192.4 (limitations on scope of discovery). 

 The usual rules governing the scope of pre-trial discovery apply in the post-judgment
context. See Tex. R. Civ. P. 621a. Generally, the scope of discovery is within the trial
court's discretion. Dillard Dep't Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995). The
discovery requested must be reasonably calculated to lead to the discovery of admissible
evidence. Tex. R. Civ. P. 192.3(a). If the trial court orders discovery that exceeds the
parameters allowed by the rules of procedure, the trial court abuses its discretion. Texaco,
Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex. 1995).

 Discovery requests must be reasonably tailored and include only matters relevant to
the case. See In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998). "Fishing" for
evidence is not permitted. K Mart Corp. v. Sanderson, 937 S.W.2d 429, 431 (Tex. 1996). 
In addition, discovery may not be used to impose unreasonable expenses on the other party. 
In re Alford Chevrolet-Geo, 997 S.W.2d 173, 180-81 (Tex. 1999). 

 Here, Wythe argues the discovery requests amount to "Rambo" tactics and a "fishing
expedition." Each notice of intent to take deposition upon written questions contains a
subpoena duces tecum with at least 52 production requests, some of which contain multiple
subparts, and most of which require the production of multiple documents. Some requests
have limited time frames (five years); others have none. Each deposition upon written
questions contains over 70 questions, many with multiple subparts. Production request
number 66 in one subpoena duces tecum states as follows:

 Produce all documents that reflect any business that Makas Management, Inc.
transacted on behalf of Wythe II Corporation. This includes, but is not limited
to, contracts, invoices, bids, construction invoices, building permits, receipts
for payments made on Wythe II Corporations's benefit or account, payroll, tax
returns, correspondence to third parties, correspondence to Wythe II
Corporation, checks, money orders, cash receipts, accounting ledgers, accounts
receivable, accounts payable, documents provided for the bankruptcy of
December 29, 2009 and all schedules, documents produced to be incorporated
in the schedules, all documents that reflect transactions between Wythe II
Corporation and any or the alleged investors, owners, or officers, and any
document that is a loan document that reflects the amount of money that is
claimed by Makas Management, Inc. to be owed to it by Wythe II corporation.

As exemplified by number 66, the scope of the production requests (through the subpoena
duces tecum) is overly broad. It is the burden of the party seeking discovery to comply with
the rules and to narrowly tailor his requests. See In re Sears, Roebuck and Co., 146 S.W.3d
328, 333 (Tex. App.--Beaumont 2004, orig. proceeding); see also Tex. R. Civ. P. 192.4
(limitations on scope of discovery). "'Reasonable' discovery necessarily requires some sense
of proportion." In re Allstate County Mut. Ins. Co., 227 S.W.3d 667, 670 (Tex. 2007). 
Discovery requests relating to the sanctions motion are overly broad and are not narrowly
tailored.

 Stone also argues he should be able to conduct discovery on the sufficiency of the
cash deposit in lieu of the supersedeas bond. In the October 1, 2009 order, we held that the
cash deposited in the registry of the trial court served as sufficient security in lieu of a bond. 
See Tex. R. App. P. 24.1(a)(3); Olney Sav. & Loan Ass'n v. Trinity Banc Sav. Ass'n, 885 F.2d
266, 273-74 (5th Cir. 1989). Stone argues the funds may be encumbered in some way, and
he is entitled to discovery to explore that possibility. He refers to Khan's testimony alleging
Wythe owes money to relatives or other corporations. However, when a judgment debtor
deposits cash in the registry of the court to supersede the judgment, "the funds cease to be
assets of the judgment debtor." Resolution Trust Corp. v. Chair King, Inc., 827 S.W.2d 546,
548, 551 (Tex. App.--Houston [14th Dist.] 1992, no writ) (citing Olney Sav. & Loan Ass'n,
885 F.2d at 273, and Grubb v. Fed. Deposit Ins. Corp., 833 F.2d 222, 226 (10th Cir. 1987)).
Discovery concerning the cash on deposit with the court is not warranted in this case.

 We conditionally grant the writ of mandamus and direct the trial court to vacate its
order denying Wythe's motion to quash. We further direct the trial court to reconsider, in
light of this opinion, the scope of permissible discovery relating to the sanctions motion. The
temporary stay of discovery is lifted. All other relief (temporary or otherwise) requested
by the parties in this mandamus proceeding and not granted herein, is denied. The writ will
issue only if the trial court fails to comply with this opinion.


 PETITION CONDITIONALLY GRANTED.

 PER CURIAM


Submitted on October 19, 2009

Opinion Delivered October 22, 2009 


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Wythe argues Stone "waived sanctions by failing to timely move for them." Because
Stone alleges sanctionable conduct occurring after the judgment (while the trial court
retained plenary power), there is no waiver as to that conduct. We therefore need not address
in this proceeding whether waiver occurred as to other conduct.