**In re UNIVAR USA INC. f/k/a Texas Solvents and Chemical Co.**

No. 09–10–00065–CV.

Court of Appeals of Texas, Beaumont.

Submitted March 5, 2010.

Decided April 21, 2010.

Robert Scott, Barry Abrams, Lance Leisure, Marquel S. Jordan, Abrams Scott & Bickley, L.L.P., Houston, for relator.

Darren Brown, J. Keith Hyde, John A. Cowan, Provost Umphrey Law Firm, L.L.P., Beaumont, for real parties in interest.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

### OPINION

STEVE McKEITHEN, Chief Justice.

Univar USA Inc. f/k/a Texas Solvents and Chemical Company seeks mandamus review of an order of the trial court, signed February 12, 2010, compelling relator to present a corporate representative for deposition. We conditionally grant partial relief and direct the trial court to vacate its prior order and enter an order quashing the notice of deposition.

The real parties in interest, Carol Thompson acting individually and as the representative of the Estate of John Thompson, and Greg Thompson, allege that John Thompson died as the result of acute myelogenous leukemia allegedly caused by occupational exposure to benzene. The trial court denied relators motion to quash the deposition of a corporate representative of the former Texas Solvents. In its first issue, Univar contends the trial court abused its discretion by compelling discovery without an adequate

showing that Thompson was exposed to benzene sold by Texas Solvents. In its second issue, Univar contends that the discovery compelled by the trial court is overbroad with respect to subject matter, place, and time.

█ The trial court abuses its discretion if it orders discovery that exceeds that permitted by the rules of procedure. *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex.1995); *In re Mallinckrodt, Inc.*, 262 S.W.3d 469, 472 (Tex.App.-Beaumont 2008, orig. proceeding). In determining whether particular information is discoverable, we apply the general scope-of-discovery test found in Rule 192.3(a). *Mallinckrodt*, 262 S.W.3d at 473; *see also* Tex.R. Civ. P. 192.3. It is the discovery proponents burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3. *Id.* (quoting *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.-Beaumont 2005, orig. proceeding)).

Univar contends that the real parties in interest failed to establish that Thompson used or was exposed to benzene supplied by Texas Solvents when Thompson worked at Texas U.S. Chemical from 1970–71. The real parties in interest rely upon the deposition testimony of Harold Wellen. Wellen, a Van Waters and Rogers employee, sold benzene to Texas U.S. Chemical from 1968–71. During the hearing, Univar provided the trial court with a copy of the exhibits attached to Univar's motion to compel, which included an excerpt from Wellen's 1997 deposition, as follows:

> Q. Do you know who sold benzene to Texas U.S. prior to Van Waters & Rogers being able to sell to that company?

> A. I would have to speculate.

> Q. And who would that be?

> (objection)

> Q. Well, according to your best guess, who would it be?

> A. I think it was Texas Solvents. It could have been Ashland.

During the hearing at issue in this case, the real parties in interest also relied upon Wellen's testimony from a 2002 deposition. In that deposition, Wellen was asked who supplied benzene in Beaumont and Orange County during 1965–74. Wellen replied, I can only guess at who might be supplying there. I know that at the rubber company, we did see Texas Solvents as a supplier there, and I believe also Ashland.[1]

█ Before this Court, the real parties in interest argue that Wellen's testimony places Texas Solvents product at Texas U.S. Chemical while Thompson was employed there. While employed at Texas U.S. Chemical, Thompson used benzene in fifty-five gallon drums as a cleaning agent. Wellen's first statement was mere speculation, and it covers a time prior to the years 1970–71. Assuming it was provided to the trial court, Wellen's second statement identifies Texas Solvents as a seller of benzene to an unidentified rubber company. Wellen's testimony, standing alone, does nothing to establish that Texas Solvent sold benzene to Texas U.S. Chemical in 1970–71. Without more, this evidence fails to raise a reasonable possibility that benzene from Texas Solvent was present at Texas U.S. Chemical in 1970–71. This does not establish a threshold evidentiary

---

1. Univar objects to the inclusion of this testimony in the mandamus record because the real parties in interest did not submit the supporting documentation until several days after the trial court ruled on the motion. Counsel for Thompson described the testimony during the hearing and the trial court granted leave to supplement the record with that testimony. The trial court informed counsel that he wanted to see what Wellen said the second time he was deposed and told both parties they could provide the testimony in a supplemental submission. Univar did not object to this action by the trial court.

showing that Thompson was exposed to Texas Solvents product. Accordingly, the real parties in interest failed to show that discovery related to benzene sales by Texas Solvents is reasonably calculated to lead to the production of relevant evidence. *See* TEX.R. CIV. P. 192.3(a). Accordingly, the trial court abused its discretion by permitting the plaintiffs to depose Univar's representative regarding Texas Solvents. We sustain issue one.

█ In its second issue, Univar complains that the trial court failed to narrowly tailor any discovery to the relevant product, time, and place. In response, the real parties in interest contend that the scope of discovery in their notice of deposition largely corresponds to the period of time when Thompson was drawing benzene from fifty-five gallon drums in the course of his employment at Texas U.S. Chemical.

█ Requests for discovery must be tailored to include only matters relevant to the case. *Mallinckrodt*, 262 S.W.3d at 473. The mandamus record does not show that the deposition of the representative of the former Texas Solvents most knowledgeable regarding sales and deliveries of benzene to Texas U.S. Chemical during 1970–71 would lead to the discovery of matters relevant to this litigation. *See* TEX.R. CIV. P. 192.3(a). Furthermore, the categories identified in the notice of deposition and the subpoena duces tecum are not limited to the products Texas Solvents sold to Texas U.S. Chemical during Thompson's employment. The real parties in interest seek discovery regarding Texas Solvents medical policies and practices from 1960–72 without limitation on the type of medical issue involved. Moreover, all but one of the topics upon which discovery is sought have no geographical limitation.

█ When a party propounds overly broad requests, the trial court must either act to narrowly tailor the requests or sustain objections advancing the complaint that the requests are overly broad. *Mallinckrodt*, 262 S.W.3d at 474. Univar objected that the notice of deposition and the subpoena duces tecum were overbroad and requested that the trial court quash the deposition. The trial court failed to limit the breadth of the deposition and the production of documents to matters relevant to the subject matter of the pending action. *See* TEX.R. CIV. P. 192.3(a).

We hold that the trial court abused its discretion by permitting discovery into matters beyond the scope of discovery permitted by Rule 192.3(a). *Id.* We are confident that the trial court will vacate its order of February 12, 2010, and that any further discovery orders in this case will be tailored to include only matters relevant to this case. The writ of mandamus shall issue only if the trial court fails to act promptly in accordance with this opinion.

WRIT CONDITIONALLY GRANTED.

DAVID GAULTNEY, Justice, dissenting.

I respectfully dissent. We should not be ruling on the sufficiency of the evidence at this stage. Plaintiffs allege John Thompson used benzene sold by Texas Solvents, and benzene caused Thompson's death. The record indicates Texas Solvents may have sold benzene in this area around the time Thompson is alleged to have used the product. Plaintiffs want to discover from the defendant whether the benzene used by John Thompson's employer was sold by Texas Solvents. Relator argues plaintiffs are not entitled to the discovery without establishing Texas Solvents sold benzene to Thompson's employer; but that is one of the goals of the deposition. Because the deposition is reasonably calculated to lead

to the discovery of admissible evidence, the trial court did not clearly abuse its discretion in permitting a deposition of a representative most knowledgeable about Texas Solvents sales and deliveries to Texas U.S. Chemical during 1970–71. We should do as we did in the companion case involving McKesson Chemical and permit the deposition, with a more narrowly tailored notice and subpoena duces tecum. *See* TEX.R. CIV. P. 192.3(a).