In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00222-CV 


____________________



IN RE PREMCOR REFINING GROUP, INC., PORT ARTHUR


COKER COMPANY, L.P., AND VALERO ENERGY CORPORATION






Original Proceeding 






 MEMORANDUM OPINION


 This mandamus proceeding arises from a discovery dispute in a suit between the
Jefferson County Appraisal District ("JCAD") and The Premcor Refining Group, Inc., Port
Arthur Coker Company, L.P., and Valero Energy Corporation (collectively "Valero"). 
Valero seeks mandamus relief from the trial court's order compelling its production of
documents asserted to contain trade secrets and to be unessential to JCAD's case. Valero
also contends that the specific requests on which the trial court ordered production are overly
broad. Because we agree the requests in issue are overly broad, we conditionally grant the
writ. 

 In September 2005, Valero acquired the properties in issue after merging with The 
Premcor Refining Group, Inc., the properties' previous owner. To contest JCAD's 2006
appraisals of certain properties located within Jefferson County, Valero appealed JCAD's
2006 assessments of the properties by filing suit. Valero contends that JCAD's assessments
are excessive because they exceed the refinery's market value and they are "unequal" as
compared to like properties. 

 During discovery, and in order to obtain information to establish the value of the
properties, JCAD served Valero with nine requests that had multiple sections and
subsections. Generally, JCAD's requests sought documents concerning the merger,
information about Valero's financial status, and information on Valero's business operations. 
 The requests in dispute are numbered six through nine, and the others are not at issue
in this mandamus proceeding. When Valero initially responded to JCAD's requests to
produce, it filed various objections to JCAD's requests, and its objections include the issues
of relevance and breadth, as well as the contention that the information sought was subject
to a trade secret privilege. After conducting a series of several hearings on the motion to
compel, the trial court ordered Valero to produce the documents requested in requests six
through nine and made the production subject to a confidentiality agreement. The record also
reflects that before the last of several hearings, Valero gave JCAD access to several rooms
of documents that it apparently agreed to produce in response to JCAD's discovery request. 
Although JCAD's expert witnesses entered Valero's property to inspect the documents, they
apparently did not "spend the time to go through those rooms" because of the amount of time
that would have been required to review them. Subsequently, JCAD moved to compel
Valero to respond to its requests to produce. Valero filed a response, and again asserted
arguments based on the breadth of the requests, on their relevance, and on its claim that the
information was protected as a trade secret. 

 The transcripts of the hearings on JCAD's motion to compel generally reflect that
JCAD produced witnesses to explain why information about Valero's merger with The 
Premcor Refining Group, Inc. and Valero's financial status and business operations were
necessary to properly value the properties in issue. Following the last of the hearings, the
trial court, by a letter dated February 24, 2009, notified the parties of its intent to
conditionally grant JCAD's motion to compel. (1) Approximately two months after issuing the
letter of February 24, 2009, the trial court issued its order from which Valero seeks relief; the
order compels Valero to produce documents responsive to four of JCAD's nine requests. In
addressing Valero's overly broad complaints, the trial court's order limited the period of time
covered by JCAD's discovery to a three year period and limited JCAD's discovery to
information related to the properties at issue. Additionally, the trial court approved an
"Agreed Protective Order" in response to Valero's trade secret concerns that sought to
address any "confidential or proprietary information, trade secrets, and other similar
information of a nonpublic nature."

 Mandamus relief is available only to correct a clear abuse of discretion for which the
relators have no adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 135-36 (Tex. 2004). The party resisting discovery has the burden to establish both
requirements. In re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). The
trial court abuses its discretion when it orders discovery that exceeds the scope permitted by
the rules of procedure. Id. at 152. 

 Valero first argues that JCAD's requests require it to produce unessential documents
that contain trade secrets. Valero also contends that the trial court has required it to respond
to requests that are overly broad. We will first address Valero's overbreadth argument. 

 Valero complains that JCAD's requests six through nine are impermissibly overbroad. 
Valero claims JCAD's discovery is nothing more than a "fishing expedition," and that its
requests seek irrelevant information, namely information regarding intangibles. 

 Since Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989) (orig. proceeding), the Texas
Supreme Court has expressly directed that parties narrowly tailor their requests to produce. 
Since that time, the Supreme Court has consistently held that discovery requests that are
overly broad and seek irrelevant information are not permissible. In re CSX Corp., 124
S.W.3d at 152; In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding);
K Mart Corp. v. Sanderson, 937 S.W.2d 429, 431 (Tex. 1996) (orig. proceeding); Dillard
Dep't Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding); Texaco, Inc.
v. Sanderson, 898 S.W.2d 813, 814 (Tex. 1995) (orig. proceeding). Generally, a party may
obtain discovery of any matter relevant to the case that is not subject to a privilege. Tex. R.
Civ. P. 192.3(a). Documents and tangible things are specifically subject to discovery when
sought through proper requests for production. Tex. R. Civ. P. 192.3(b), 196.1. 

 JCAD's requests six through eight asks Valero to provide JCAD "information" for
each of the respective subsections included within the requests. (2) While JCAD defines
"document" within the definition section of its requests; it does not define "information." 
Under the rules of procedure, a request for production is supposed to seek specific items or
categories of items. See Tex. R. Civ. P. 192.1, 196.1(a)-(b). However, instead of requesting
items or even categories of items, JCAD's requests are general requests for information and
do not define the document or category of document that JCAD wanted Valero to produce. 
Because these requests did not ask for specific items or identifiable categories of items, the
requests are overly broad. Based on these requests for information, Valero, as the producing
party, cannot reasonably be expected to identify the item or category of items that JCAD's
requests encompass. Consequently, we agree with Valero that the requests exceed the
breadth permitted under the Texas Rules of Procedure. 

 Moreover, even if we were to substitute the term "item" or the term "document" for
"information" in JCAD's requests six through eight, they are still impermissibly overbroad,
as is request number nine which generally asks that Valero produce documents instead of
"information." The trial court's letter reflects that the trial court considered many of the
requests to be overbroad on their face; yet, while the trial court limited the time frame and
geographic scope of the requests, its order left without remedy the problem created by
requests that did not specify documents or categories of documents with the specificity that
has been required in discovery disputes. For example, the Texas Supreme Court has stated
that requests for production must be "reasonably tailored to include only matters relevant to
the case." In re Am. Optical Corp., 988 S.W.2d at 713. The requests at issue are not
reasonably tailored to obtain only matters relevant to JCAD's case.

 "A central consideration in determining overbreadth is whether the request could have
been more narrowly tailored to avoid including tenuous information and still obtain the
necessary, pertinent information." In re CSX Corp., 124 S.W.3d at 152-53. "Document" as
defined by JCAD in its requests, includes, among other things: "books, manual[s],
instructions, financial reports, working papers, records, notes, letters, . . . interoffice and
intraoffice communications, contracts, cables, notations or memoranda of any sort of
conversations, telephone calls, meetings or other communications" and also "other written,
printed, typed or other graphic or recorded matter of any kind or nature, however produced
or reproduced." Even when we consider the limitations the trial court placed in its order, in
light of the expansive definition of documents, the requests on their face would require the
production of substantial amounts of tenuous information. 

 The problem of expansive definitions in document requests is not new, as we have
granted mandamus petitions in other discovery disputes involving a similar problem. See In
re TIG Ins. Co., 172 S.W.3d 160, 165 (Tex. App.-Beaumont 2005, orig. proceeding)
(criticizing plaintiff's expansion of its requests by its broad definition of "'you' and 'your'"
and "'The Subject Policy or Policies'" "to include, among other things, 'each and every
policy'"). Here, even if we substituted the word document for information, all of the requests
at issue still suffer from JCAD's expansive definition of "document." Request nine expands
the problem of breadth even further by using the phrase, "any and all." 

 Under JCAD's requests, and to comply with the trial court's order, Valero would be
required to make an educated guess about which documents the trial court intended to make
Valero produce. For example, a subsection of request seven asks Valero to produce all
information pertaining to its monthly "Pro Forma Income and Cash Flow Statement for
Refinery/Plant." Substituting "document" for "information," and considering the definition
of document, this request could literally reach hundreds or thousands of documents because
it includes every documented process involved in formulating each monthly statement. 
Clearly, a large number of the documents required by the order would likely range from
irrelevant to highly relevant documents, with a significant number of them having only a
tenuous bearing on the properties' values. 

 In our opinion, the requests at issue are like the requests the Supreme Court
determined to be overly broad in Loftin, 776 S.W.2d at 148. The Court stated that Loftin's
request was "merely a request that Loftin be allowed to generally peruse all evidence
Lumbermens might have." Id. These requests appear to us to be similarly flawed.

 While we are of the opinion that documents reasonably related to the statute's three
methods of appraising property would generally be relevant and also within the scope of a
properly tailored request, we hold that JCAD's requests six through nine fail to sufficiently
specify with reasonable particularity the documents to be produced. See Tex. R. Civ. P.
196.1(b); see also In re CSX Corp., 124 S.W.3d at 152-53; In re TIG, 172 S.W.3d at 168. 
Thus, the requests were not narrowly tailored to the case, and Valero was not placed on fair
notice of the documents it is required to produce by the trial court's order. Because the
requests were overly broad, we conclude the trial court abused its discretion by granting
JCAD's motion to compel. 

 As in other cases, we believe the remedy for a parties' overly broad discovery request
lies principally with the draftsman of the discovery, as we have stated: "The burden to
propound discovery complying with the rules of discovery should be on the party
propounding the discovery, and not on the courts to redraft overly broad discovery so that,
as re-drawn by the court, the requests comply with the discovery rules." In re TIG, 172
S.W.3d at 168. We again decline to transfer the burden to properly draft narrowly tailored
discovery to the courts and follow our practice to direct the trial court to enter the ruling that
it should have entered at the hearing and sustain Valero's overly broad objections to requests
six through nine. See Tex. R. App. P. 52.8(c). 

 Additionally, Valero argued in its mandamus petition that the trial court's order
compels it to produce unessential documents that contain trade secrets. Under the Texas
Rules of Evidence, trade secrets are privileged from disclosure when allowing the privilege
"will not tend to conceal fraud or otherwise work injustice." Tex. R. Evid. 507. Initially,
the party asserting a trade secret privilege has the burden of proving that the information
sought qualifies as a trade secret. In re Bass, 113 S.W.3d 735, 737 (Tex. 2003); In re Cont'l
Gen. Tire, Inc., 979 S.W.2d 609, 612-13 (Tex. 1998). The burden then shifts to the party
seeking disclosure to establish that the information is necessary for a fair adjudication of a
claim or defense in the litigation. In re Cont'l Gen. Tire, 979 S.W.2d at 612-13. In resolving
the discovery dispute over a trade secret, trial courts are to weigh the degree of the requesting
party's need for the information against the potential harm of disclosure to the resisting party. 
Id. at 613. 

 In a tax appraisal suit, the issue of market value is tried de novo. See Tex. Tax Code
Ann. § 42.23(a) (Vernon 2008). "In determining the market value of property, the chief
appraiser shall consider the cost, income, and market data comparison methods of appraisal
and use the most appropriate method." Id. § 23.0101 (Vernon 2008). Pursuant to the Code
Construction Act, usage of the word "shall" "imposes a duty." Tex. Gov't Code Ann. §
311.016(2) (Vernon 2005); see also Tex. Tax Code Ann. § 1.03 (Vernon 2008) (instructing
that the Code Construction Act applies to the Texas Tax Code). 

 In the trial court and here, JCAD maintains that the Texas Tax Code requires it to
consider each of the three types of information on the properties in determining their market
value. See id. Paul Hornsby, one of JCAD's experts, testified that the Tax Code directs
appraisers to use generally accepted appraisal techniques in determining the market value for
a piece of property. See id. § 23.01 (Vernon 2008). According to Hornsby, these techniques
require appraisers to "always consider in every appraisal" the three methods provided for by
statute. See id. § 23.0101. Thus, JCAD's argument is simply that the statute makes
information under each of the three approaches to appraising property necessary to comply
with its statutory duties in appraising properties.

 As a general proposition, we agree with JCAD that the language of the Tax Code
requires the appraiser to consider all three approaches in determinating the properties' market
value. However, we fail to see how the trial court can make decisions about whether specific
documents would be, or would not be, necessary for the valuation process, and therefore
discoverable, despite trade secret status without considering the specific documents or at
least specific document categories. Moreover, a specific document request would allow the
parties' to join issue on whether the specific documents are necessary to the appraisal, which
would allow a record to be developed on whether certain documents are in fact necessary to
JCAD's valuation process. Specific document requests would further allow Valero, on an
initial basis, to qualify treating such documents with trade secret protection. In summary,
both the issues of trade secret protection and necessity should be addressed after JCAD
serves document requests that comply with the rules of procedure. 

 Accordingly, we conditionally grant mandamus relief and direct the trial judge to
vacate his April 20, 2009 order to compel and enter an order sustaining Valero's objections
to requests six through nine. Our ruling does not prohibit JCAD from propounding requests
for production properly tailored to the case. (3) With respect to the relief granted herein, the
writ will issue only if the trial court fails to act promptly in accordance with this opinion.

 WRIT OF MANDAMUS CONDITIONALLY GRANTED. 

 PER CURIAM

Submitted on June 8, 2009

Opinion Delivered July 30, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.


Appendix A




February 24, 2009



Re: No. D-177,734; Premcor Refining Group, Inc., et al v. Jefferson County

 Appraisal District, et al


To All Counsel:


 I have now had an opportunity to consider defendant's Motion to Compel in
connection with the above-captioned matter. Defendant's original discovery requests could
fairly be characterized as overbroad on their face. It is the Court's understanding that there
have been self-imposed limitations on those original discovery requests but, to the extent that
there have not been, the Court will impose the following limitations on any document
production by plaintiff.


 Documents pertaining only to the refinery in question need be produced. The relevant
time frame will end as of the lien date and consist of the three previous years (4). To this
extent, plaintiffs' objections as to the defendant's discovery requests as being overly broad
and burdensome are overruled. Defendant's Motion to Compel to the same extent will be
granted.


 Relevance: Valero objects to many of the discovery requests on the grounds that it
might be used in a manner that would not yield an opinion which would survive scrutiny
under Robinson, et al (5) . Such a preemptive attack is not contemplated by the concept of the
Court acting as a gatekeeper to the admission of evidence. The analysis of whether the
taxing entity improperly included inappropriate data (e.g. intangibles) in its valuation models
should be determined at the time those opinions are offered. See e.g.: Gregg County
Appraisal Dist. v. Laidlaw Waste Systems, Inc., 907 S.W.2d 12 (Tex. Civ. App. -- Tyler
1995, writ den'd). The risk that the taxing entities valuation model might be, ultimately,
flawed, due to inclusion of inappropriate matters is simply insufficient to preclude discovery
of underlying data at this time.


 Stated differently, while certain data/information might later be found to be irrelevant,
such would not necessarily mean it is not reasonably calculated to lead to the discovery of
admissible evidence. Accordingly, plaintiff's objections as to relevance are overruled and
defendant's Motion to Compel will be granted.


 Merger: Limited to this single refinery and given the proximity of merger to the lien
date, the Court believes that merger documents should be discoverable.


 Trade Secret: It is without question that JCAD is not a competitor of plaintiff. Thus,
its access to information in and of itself would not be harmful on its face. The true danger
is disclosure of certain information to those who could fairly be characterized as a competitor
of plaintiff.


 The Court finds § 22.27 and 25.195 of the Tex. Prop. Tax Code in combination with
a Confidentiality/Non-Disclosure Order will afford sufficient protection as to any
information/data properly considered a trade secret. Accordingly, upon execution of the
Confidentiality/Non-Disclosure agreement, the Court will overrule plaintiff's objections and
grant defendant's Motion to Compel.


 Counsel for JCAD should prepare an Order in accordance with the above.


 

1. See the relevant portions of the trial court's letter attached as Appendix A.
2. For example, JCAD's request for production number six reads as follows:


 6. Please provide the following information (for each month from January
2001 through the valuation date) for each of the following:

 A. Facility Material Balances

 1. Inputs

 a. Primary inputs (e.g. crude oils, ethane-propane (EP) mix, etc., itemized by name
and internal accounting code).

 b. Secondary or other inputs, itemized by
name and internal accounting code.

 c. Defining physical or chemical properties
of each input, e.g.

 I API or specific gravity

 ii. Sulfur content

 iii. Viscosity

 iv. Distillation cut point

 v. Other, as appropriate

 . . . . 
3. Furthermore, this opinion is not intended to void any mutual agreements the parties
may have made regarding discovery not made part of the record, nor has any party challenged
the agreed protective order as it applies to the documents Valero produced in response to
JCAD's other requests not at issue here. 
4. To the extent that there are certain documents requested that would warrant deviating from
the above limitations, such can be addressed on an item-by-item basis in the form of a Motion to
Expand.
5. Citation omitted.