**In re UNIVAR USA INC. f/k/a McKesson Chemical.**

**No. 09–10–00064–CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 5, 2010.

Decided April 21, 2010.

Robert Scott, Barry Abrams, Marquel S. Jordan, Abrams Scott & Bickley, L.L.P., Houston, for relator.

Darren Brown, J. Keith Hyde, John A. Cowan, Provost Umphrey Law Firm, L.L.P., Beaumont, for real parties in interest.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Univar USA Inc. f/k/a McKesson Chemical seeks mandamus review of an order of the trial court, signed February 12, 2010, compelling relator to present a corporate representative for deposition. We conditionally grant partial relief and direct the trial court to vacate its prior order and enter an order quashing the notice of deposition.

The real parties in interest, Carol Thompson acting individually and as the representative of the Estate of John Thompson, and Greg Thompson, allege that John Thompson died as the result of acute myelogenous leukemia allegedly caused by occupational exposure to benzene. The trial court's order concerns the deposition of a corporate representative of McKesson Chemical. In its first issue, Univar contends the trial court abused its discretion by compelling discovery without an adequate showing that Thompson was exposed to benzene sold by McKesson Chemical. In its second issue, Univar contends that the discovery compelled by the trial court is overbroad with respect to subject matter, place, and time.

Univar relies upon the precedent established by this Court's opinion in *In re Mallinckrodt*, in which we stated the standard of review. *See In re Mallinckrodt, Inc.*, 262 S.W.3d 469, 472 (Tex.App.-Beaumont 2008, orig. proceeding).

For discovery matters, mandamus relief is generally appropriate only if a trial court abuses its discretion and the party resisting the discovery has no adequate appellate remedy. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). A trial court clearly abuses its discretion when an action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839.

Generally, the trial court has discretion to control the scope of discovery for the cases over which it presides. *See Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex.1995) (per curiam). However, its discretion is not unlimited, as the trial court is obligated to make an effort to impose reasonable discovery limits. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex.1998) (per curiam). For example, ordering discovery that exceeds "that permitted by the rules of procedure" constitutes an abuse of discretion. *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex.1995) (per curiam).

On multiple occasions the Texas Supreme Court has prohibited discovery that it has characterized as constituting a fishing expedition. *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (per curiam); *Dillard Dep't Stores, Inc.*, 909 S.W.2d at 492; *Texaco*, 898 S.W.2d at 815. The Texas Supreme Court also requires that requests to produce be tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d at 713. Moreover, the Texas Supreme Court has criticized discovery orders "requiring document production from an unreasonably long time period or from distant and unrelated locales" as impermissibly overbroad and held that such requests are subject to correction by mandamus. *In re CSX Corp.*, 124 S.W.3d 149, 152–53 (Tex.2003) (per curiam). Recently, the Texas Supreme Court reiterated: "[T]rial courts 'must make an effort to impose reasonable discovery limits.'" *In re Allstate County Mut. Ins. Co.*, 227 S.W.3d 667, 668 (Tex.2007) (per curiam) (quoting *In re CSX Corp.*, 124 S.W.3d at 152).

Before a court can order production based on discovery requests that cover multiple decades, the discovery proponent must make a threshold evidentiary showing to demonstrate the relevance of the requested documents. *See In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (per curiam) ("[O]ur rules require that a threshold showing of applicability must be made before a party can be ordered to produce multiple decades of insurance policies[.]"). In *Dana Corporation*, the discovery proponents made their threshold showing with respect to some of the requested discovery by affidavit. *Id.* The affidavits were insufficient, however, with respect to some of their other discovery requests. *Id.* at 301–02.

This court has likewise required that the proponent of discovery covering large periods of time make a threshold evidentiary showing to demonstrate how the discovery will result in the production of relevant evidence. *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex.App.-Beaumont 2005, orig. proceeding). In that case, we stated: "It is the discovery proponent's burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *Id.* [ (citing TEX.R. CIV. P. 192.3) ] We followed the reasoning of the Texas Supreme Court in determining whether information was discoverable, namely that courts must ascertain if the information is discoverable under Rule 192.3(a)'s general scope-of-discovery test. *Id.* (quoting *In re Dana Corp.*, 138 S.W.3d at 301).

*In re Mallinckrodt*, 262 S.W.3d 469, 472–73 (Tex.App.-Beaumont 2008, orig. proceeding).

█ Thompson testified that he used benzene that came from black drums or green and white drums, but he did not identify the names of the manufacturers or suppliers of the products. Thompson worked at DuPont Sabine River Works from 1966 through 1968 and used benzene as a cleaning solvent. The benzene he used came from black drums. Thompson submitted testimony from Rayford Jimerson that the benzene used at the Sabine River Works came from Van Waters & Rogers. Harold Wellen of Van Waters & Rogers testified that the drums used by that company to supply benzene in the 1960's and early 1970's were green and white. A drum filler for Van Waters & Rogers, Joseph Beverly, testified that his company put benzene in green and white drums.

Thompson worked at Texas U.S. Chemical Company from 1970 to 1971. While employed at Texas U.S. Chemical, Thompson used benzene in fifty-five gallon drums as a cleaning agent. Lee Fry testified that during his employment as a chemist at Texas U.S. Chemical from 1959 through the late 1970's, Van Waters and Rogers and McKesson supplied benzene to the plant in fifty-five gallon drums. Connie Lowell, who sold chemicals for McKesson from 1963 through 1979, recalled only one occasion in the late 1960's when he sold benzene to Texas U.S. Chemical. It was either a solid black drum with a white top or a black drum with a white ring around the center and a white top and bottom.

The trial court had before it some evidence that Thompson used benzene that came in black drums and that during the period when Thompson used benzene McKesson's Beaumont office sold benzene to chemical plants in black drums. Discovery related to McKesson's sale of benzene to the DuPont Sabine Works and Texas U.S. Chemical during the time Thompson worked at those plants is likely to lead to the production of relevant evidence. *See* TEX.R. CIV. P. 192.3(a). Accordingly, the

trial court did not abuse its discretion by permitting the plaintiffs to depose Univar's representative. We overrule issue one.

■ In its second issue, Univar complains that the trial court failed to narrowly tailor its discovery to the relevant product, time, and place. In response, the real parties in interest contend that the scope of discovery in their notice of deposition largely corresponds to the period of time when Thompson was employed at DuPont Sabine River Works and Texas U.S. Chemical. Univar's motion to quash included a complaint that both the notice of deposition and the attached subpoena duces tecum were overbroad.

■ Requests for discovery must be tailored to include only matters relevant to the case. *Mallinckrodt*, 262 S.W.3d at 473. With the exception of requests for records of benzene deliveries, warnings, and purchase orders, the subpoena duces tecum contains no date restrictions. Most of the topics listed in both the notice and the subpoena contain no geographical restrictions. Both the notice and the subpoena require discovery regarding medical policies and medical surveillance that is not limited to benzene.

■ "When a party propounds overly broad requests, the trial court must either act to narrowly tailor the requests or sustain objections advancing the complaint that the requests are overly broad." *Id.* at 474. Univar objected that the notice of deposition and the subpoena duces tecum were overbroad and requested that the trial court quash the deposition. The trial court failed to limit the breadth of the deposition and the production of documents to matters relevant to the subject matter of the pending action. *See* Tex.R. Civ. P. 192.3(a).

We hold that the trial court abused its discretion by permitting discovery into matters beyond the scope of discovery permitted by Rule 192.3(a). *Id.* We are confident that the trial court will vacate its order of February 12, 2010, and that any further discovery orders in this case will be tailored to include only matters relevant to this case. The writ of mandamus shall issue only if the trial court fails to act promptly in accordance with this opinion.

WRIT CONDITIONALLY GRANTED.