IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00455-CV

 

In
re EOG Resources, Inc.

 

 



Original Proceeding

 



MEMORANDUM  Opinion










 

            EOG Resources, Inc. filed a
petition for a writ of mandamus seeking protection from discovery requests that
it contends are overly broad and unduly burdensome.  The underlying action
arose when a trailer placed on a well site in Johnson County shifted during a
severe storm.  Eric Woodward, the plaintiff in the underlying action, was
inside the trailer and sustained severe injuries.  Woodward filed suit against
multiple parties, including EOG, for several causes of action including
negligence, negligence per se, premises liability, and gross negligence
as to EOG.  Woodward seeks compensatory and punitive damages.

            Woodward served discovery
requests upon EOG.  EOG responded to the discovery requests, and objected that
they were overly broad and unduly burdensome, in addition to other objections. 
Woodward filed a motion to compel EOG to fully respond to the requests.  The
trial court granted the motion in part, but limited the production requested to
all of EOG’s well sites in the United States for the five years preceding the
date of the accident as to certain requests.  Because we find that the trial
court abused its discretion, we will conditionally grant the writ in part and
deny in part.

EOG complains that the interrogatories
and requests for production are still overly broad.  The disputed
interrogatories as propounded sought all information about communications,
conversations, policies, use, and installation of trailers, with various
descriptions, in any geographic region where EOG does business for a period of
ten years or more.  EOG is a multinational corporation with operations in
eleven states in the United States, as well as Canada, China, Trinidad and
Tobago, and the United Kingdom.  The disputed requests for production as
propounded sought all documents relating to the specific trailer in which
Woodward was injured as well as all documents relating to “portable offices and
sleeping quarters,” “any other trailer leased by EOG for use as temporary
offices and living quarters,” “temporary trailers used as dwellings and
temporary offices at EOG drilling sites,” “trailers,” and “substantially
similar trailers at its drilling sites.”  

Availability of Mandamus Relief

Mandamus relief is available when the
trial court abuses its discretion and there is no adequate remedy by appeal.  In
re Deere & Co., 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding).  Although the scope of discovery generally is “within the
trial court's discretion, the trial court must make an effort to impose
reasonable discovery limits.”  Id. (quoting In re Graco Children's
Prods., Inc., 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding)).  A trial
court abuses its discretion if it orders discovery exceeding the scope
permitted by the rules.  In re CSX Corp., 124 S.W.3d 149, 152 (Tex.
2003) (orig. proceeding); K Mart Corp. v. Sanderson, 937 S.W.2d
429, 431 (Tex. 1996) (orig. proceeding); Texaco, Inc. v. Sanderson, 898
S.W.2d 813, 815 (Tex. 1995) (orig. proceeding).

Waiver  

Woodward argues that EOG failed to
preserve their objections by failing to provide details regarding why the
discovery requests at issue were burdensome.  But EOG objected to Woodward’s
requests as overly broad and irrelevant.  Overly broad
requests for irrelevant information are improper whether they are burdensome or
not, so the defendants were not required to detail what they might encompass.  See
In re Allstate County Mut. Ins. Co., 227 S.W.3d 667, 670 (Tex. 2007) (orig.
proceeding); In re CSX Corp., 124 S.W.3d at 153; In re Union Pac.
Res. Co., 22 S.W.3d 338, 341 (Tex. 1999) (orig. proceeding).

We do, however, agree that evidence was
required for EOG to preserve its objections regarding burdensomeness, which it
failed to do.  Therefore, we will address only whether the interrogatories and
requests for production were overly broad or irrelevant.

Overly Broad Requests

“Discovery orders requiring document
production from an unreasonably long time period or from distant and unrelated
locales are impermissibly overbroad.”  In re CSX Corp., 124 S.W.3d at
149.  We must determine whether or not the trial court’s ruling limiting
Woodward’s requests as propounded is still overbroad as to time, location, and
scope, and could have easily been more narrowly tailored to the dispute at
hand.  See In re CSX Corp., 124 S.W.3d at 153 (“A central
consideration in determining overbreadth is whether the request could have been
more narrowly tailored to avoid including tenuous information . . . .”).

We find that the trial court could have
tailored the interrogatories and requests for production more narrowly than it
did, and that its failure to do so constituted an abuse of discretion.  While
the trial court appropriately limited the length of time for production, the
breadth of the required production as to geographical location and the type of
structures involved is overly broad.  Therefore, we sustain EOG’s complaints as
to interrogatories numbers 4, 7, 13, 15, 18, and 19.  We sustain EOG’s
complaints as to production requests numbers 3, 4, 5, 6, 7, 8, 21, 22, and 36.

Other Requests

            EOG further complains that
the trial court abused its discretion by overruling objections to two requests
for production because they do not specifically state what documents Woodward
is seeking.  The first seeks “all Documents on which you will rely to support
any defense you assert in this case.”  The second seeks “all Documents relating
to the damages claimed by Plaintiffs in this case.”  The Rules of Civil
Procedure require a party seeking production of documents or other discovery to
“specify the items to be produced or inspected, either by individual item or by
category, and describe with reasonable particularity each item and category.”  Tex. R. Civ. P. 196.1(b).  Our inquiry
for determining whether a request is overly broad includes a determination of
whether or not the request could have easily been drawn more narrowly.  See
In re CSX Corp., 124 S.W.3d at 153.  We find that the first request is
overly broad under that standard as it does not adequately specify what items
or categories of items it seeks with reasonable particularity.  Instead, it
seeks the production of any document that might be considered to be used during
the trial for any defenses that ultimately might or might not be asserted to
whatever causes of action or trial strategies Woodward chooses to pursue at
trial.  Additionally, we find that the second request is also overly broad in
that it seeks production of documents without specifying to what damages it
refers.  Woodward is seeking compensatory and punitive damages.  We find that
both of these requests could have been more narrowly tailored.  We sustain
EOG’s issue as to requests for production number 24 and 26.

            EOG complains that the trial
court abused its discretion by overruling its objection to a request for
production that sought “all Documents and other tangible items which you feel
support and may support the contention that Trailer 450 was not unreasonably
dangerous to its occupants….”  The basis of EOG’s complaint in this mandamus
proceeding is that the request seeks documents to establish a negative, which
is impossible.  However, EOG did not make this argument to the trial court in
its objections to request for production number 19.  Therefore, the argument
EOG made is waived.  Tex. R. Civ. P.
192.3(e).  We overrule EOG’s complaint regarding request for production number
19.




Conclusion

            We find that the trial court
abused its discretion as described above.  However, we hold that EOG waived its
objection to request for production 19.  We conditionally grant the petition
for writ of mandamus in part and deny the petition in part.  We are confident
the trial court will vacate its order compelling the responses to the
interrogatories and requests for production of documents above and proceed in
compliance with this opinion.  The writ will issue only if the trial court
fails to take appropriate action in accordance with this opinion.  Woodward’s
motion for sanctions is denied.  The stay of proceedings in the trial court is
lifted.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Petition
Conditionally Granted in Part, Denied in Part

Opinion
delivered and filed February 9, 2011

OT06