Opinion issued October 4, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00358-CV

———————————

In re halliburton energy services, inc., Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          Relator,
Halliburton Energy Services, Inc. (“HESI”), filed a petition for writ of
mandamus, seeking to compel the trial court to vacate its order granting real party
in interest Charles Lane’s motion to compel production of documents.[1]  HESI argues that the trial court abused its
discretion in granting the order because the order is overbroad, constitutes
harassment, compels the production of irrelevant documents, and imposes an
undue burden on HESI.

          We
conditionally grant the petition for writ of mandamus.

Background

          Charles
Lane worked in the legal department of HESI’s New Orleans office from 1980
until 2007, when HESI decided to close that office.  Lane alleges that several months before HESI
closed the office, Jim Bullock, a senior vice-president and assistant general
counsel, met with Lane and informed him that HESI wanted to continue to use his
legal services.  Bullock and Lane
allegedly reached an oral agreement, pursuant to which Lane promised to (1)
partner with another experienced attorney, (2) hire two associate attorneys to
ensure that Lane could meet HESI’s legal needs, (3) open an office in New
Orleans and lease the former space of HESI’s legal department, and (4) handle
all of HESI’s “offshore cases, personal injury cases, workers’ compensation
cases, and routine legal matters, from Louisiana and the Gulf of Mexico region,
for an agreed hourly rate.”  In return,
HESI allegedly promised to use Lane and his firm for all of its “offshore
cases, personal injury cases, workers’ compensation cases, and routine legal
matters.”  Bullock also promised Lane
that the “book of business” from HESI was worth approximately $1.4 to $2
million per year, and HESI “guaranteed that [Lane] would not experience a loss
of income.”

          Lane
alleges that, based on this agreement, he formed the firm Kraft Gatz Lane
Benjamin LLC (“KGLB”) and began handling cases for HESI.  After Bullock left HESI, “the number of
Halliburton cases sent to [Lane] systematically began to decrease, both in
volume and value,” and Lane learned that numerous cases that HESI had agreed to
assign to Lane were actually assigned to other Louisiana law firms.  After Lane contacted HESI and HESI continued
to send cases to other Louisiana firms, Lane sued HESI for breach of contract,
fraud, misrepresentation, fraudulent inducement, and promissory estoppel.  Lane sought “[d]amages of sufficient amount
to compensate [him] for [HESI’s] wrongful conduct, including reliance and
benefit-of-the-bargain damages.”

          In
his first set of requests for production, Lane requested:

Documents as well as
electronic documents showing the cost to the company of legal work, including
both litigation and non-litigation matters, being sent to outside counsel or
other law firms in the Louisiana and Gulf of Mexico regions for the past five
years.  

 

In response, HESI objected to this request as overly
broad and unduly burdensome, as well as “to the extent that this Request seeks
information not related to the claims or defenses as set forth in any of the
pleadings.” 

          In
his second set of requests for production, Lane requested “[d]ocuments that
show any attorneys’ fees paid to any law firm, other than KGLB, for any and
[all] legal matters in Louisiana since July 1, 2007” and “[d]ocuments that show
any attorneys’ fees paid to any law firm, other than KGLB, for any and [all]
legal matters in the Gulf of Mexico Region since July 1, 2007.”  HESI globally objected to all production
requests that sought information “unrelated to the type of cases [Lane] claims
were to be handled by him,” specifically, HESI’s offshore, personal injury,
workers’ compensation, and routine legal cases from Louisiana and the Gulf of
Mexico region.

          Lane
moved to compel the production of documents responsive to his requests.  Lane argued that the requested documents are
“clearly relevant” to his claims because he is “seeking compensatory damages
equivalent to the benefit of his bargain under the agreement, which would
include attorneys’ fees for [HESI’s] legal matters originating in Louisiana and
the Gulf of Mexico region during the relevant time period.”  Lane contended that his requests were not
overly broad because they sought “pertinent information relating to the issues
raised in the petition and answer.”  He
further argued that HESI produced no evidence demonstrating that Lane’s
requests imposed an undue burden, and deposition testimony from HESI’s deputy
general counsel indicated that the information could “easily be obtained.” 

          In
response to Lane’s motion to compel, HESI contended that Lane’s petition only
claimed that HESI agreed to use his services for its “Louisiana, and Gulf of
Mexico, offshore cases, personal injury cases, workers’ compensation cases, and
routine legal matters,” and his production requests were not so narrowly
tailored.[2]

          At
the hearing on Lane’s motion to compel, Lane argued that a document
demonstrating the type of legal matter, the firm to which the matter was sent,
and the amount of fees that HESI paid regarding the matter would “not only
show[] the breach [of the oral agreement], but also [would] show[] the
damages.”  HESI asserted several
arguments regarding Lane’s standing to bring his claims and construction of the
alleged contract, and it argued that Lane’s requested discovery was irrelevant
and overbroad.

          At
the close of the hearing, the trial court informed HESI that it was “probably
going to give [Lane] most of the [requested] discovery just because I think it
needs to be—it’s based on the pleadings, as opposed to the merits of the
claim.”  The court urged the parties to
meet and see if they could reach an agreement on what documents to
produce.  Lane’s attorney stated that he
was really requesting fee information for “any state that abuts the Gulf of
Mexico, obviously including Louisiana, if it’s a case that Chuck Lane handled
previously, i.e., longshore, any offshore injury and a car wreck.”  The court clarified that Lane was seeking
“essentially a report from [HESI’s] computer system redacted . . . that
would specify the amounts paid, the type of the
matter . . . [a]nd to whom it was paid.”  HESI’s counsel noted that this request was
“much narrower than any of [Lane’s] requests or anything asked in the motion
[to compel].”  

          After
the hearing, the parties exchanged correspondence regarding the scope of the
discovery request.  HESI offered to
provide fee information “for offshore, longshoremen, automobile accident and
blowout claims related to the Gulf of Mexico . . . in
Louisiana and for Texas cases specifically arising out of Gulf of Mexico
offshore activities.”  HESI refused to
provide fee information for cases arising out of Mississippi, Alabama, and
Florida.  HESI also offered to provide
fee information for the time period from July 2007 to April 19, 2010, the date
Lane filed his original petition.  Lane
argued that HESI should present fee information for the time period of July
2007 to the present date.  

          When
the parties were unable to come to a resolution, Lane informed the trial court
that he had narrowed his discovery request to “documents that show outside
counsel fee information for matters related to offshore, longshoremen,
automobile accident, and blowout claims originating in Louisiana and the Gulf
of Mexico Region since July 1, 2007 to present” and requested that the court
rule on his motion to compel.  On April
13, 2011, the trial court ordered that HESI “shall produce all documents
evidencing fees paid by [HESI] to outside law firms for legal matters
originating in Louisiana and the Gulf of Mexico region since July 1, 2007 to
the present and through the trial of this cause.”  This mandamus proceeding
followed.

Standard of Review

          Mandamus
relief is appropriate only if the trial court abuses its discretion and no
adequate remedy by appeal exists.  In re CSX Corp., 124 S.W.3d 149, 151
(Tex. 2003) (per curiam); In re Nolle,
265 S.W.3d 487, 491 (Tex. App.—Houston [1st Dist.] 2008, orig.
proceeding).  

          Generally,
the scope of discovery is within the trial court’s discretion; however, the
trial court must make an effort to impose reasonable discovery limits.  In re CSX, 124 S.W.3d at 152; Dillard
Dep’t Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995) (per curiam).  Texas Rule of Civil Procedure 192.3(a)
provides that:

[A] party
may obtain discovery regarding any matter that is not privileged and is
relevant to the subject matter of the pending action, whether it relates to the
claim or defense of the party seeking discovery or the claim or defense of any
other party.  It is not a ground for
objection that the information sought will be inadmissible at trial if the
information sought appears reasonably calculated to lead to the discovery of
admissible evidence.

 

Tex. R.
Civ. P. 192.3(a).  “Although the scope of discovery is broad,
requests must show a reasonable expectation of obtaining information that will
aid the dispute’s resolution.  Thus,
discovery requests must be ‘reasonably tailored’ to include only relevant
matters.”  In re CSX, 124 S.W.3d at 152; see
also In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998) (per curiam)
(“A reasonably tailored discovery request is not overbroad merely because it
may include some information of doubtful relevance, and we have specifically
recognized that ‘[p]arties must have some latitude in fashioning proper
discovery requests.’”).  In determining
whether a discovery request or order is overbroad, a “central consideration” is
whether “the request could have been more narrowly tailored to avoid including
tenuous information and still obtain the necessary, pertinent
information.”  In re CSX, 124 S.W.3d at 153.  

A discovery order that compels
overly broad discovery “‘well outside the bounds of proper discovery’ is an
abuse of discovery for which mandamus is the proper remedy.”  Hall,
909 S.W.2d at 492 (quoting Texaco, Inc.
v. Sanderson, 898 S.W.2d 813, 815 (Tex. 1995) (per curiam)); see also In re Allstate Cnty. Mut. Ins. Co., 227 S.W.3d 667, 670 (Tex. 2007) (per
curiam) (“Overbroad requests for irrelevant information are improper whether
they are burdensome or not . . . .”); In re CSX, 124 S.W.3d at 152 (“The
trial court abuses its discretion by ordering discovery that exceeds that
permitted by the rules of procedure.”).

          The
party resisting discovery bears the “heavy burden” of establishing an abuse of
discretion and inadequate appellate remedy. 
In re Nolle,
265 S.W.3d at 491 (citing In re CSX,
124 S.W.3d at 151).  A trial court
clearly abuses its discretion when its action is “so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.”  Id.  Furthermore, the party
making the objection must present any evidence necessary to support the
objection.  See Tex. R. Civ. P.
193.4(a); In re CI Host, Inc., 92
S.W.3d 514, 516 (Tex. 2002) (orig. proceeding).

Analysis

HESI argues that the trial court
erred in compelling production of “all documents evidencing fees paid by [HESI]
to outside law firms for legal matter originating in Louisiana and the Gulf of
Mexico region since July 1, 2007 to the present and through the trial of this
cause.”  Specifically, we address HESI’s
argument that the discovery compelled by the trial court is overbroad, permits
Lane a “fishing expedition,” and includes irrelevant documents beyond the
“offshore cases, personal injury cases, workers’ compensation cases, and
routine legal matters” pleaded by Lane. 
HESI also argues that the trial court abused its discretion in ordering
production of “all documents” rather than the computer-system-summary report
Lane’s counsel mentioned in argument before the trial court.[3]  

Lane’s original request for
production sought:

Documents as well as electronic
documents showing the cost to the company of legal work, including both
litigation and non-litigation matters, being sent to outside counsel or other
law firms in the Louisiana and Gulf of Mexico regions for the past five years. 

 

Subsequently, Lane himself acknowledged that a more
limited discovery request was sufficient to obtain the information he required:
Lane narrowed his discovery request to “documents that show outside counsel fee
information for matters related to offshore, longshoremen, automobile accident,
and blowout claims originating in Louisiana and the Gulf of Mexico Region since
July 1, 2007 to present” at the time that he requested the court rule on his
motion to compel.  Neither of these
requests sought “all documents” related to HESI’s employment of outside legal
representation.

          The
discovery ordered by the trial court was much broader even than Lane’s original
discovery request, as the trial court compelled production of “all documents
evidencing fees paid by [HESI] to outside law firms.”  This order compels discovery that is
overbroad, and it “could have been more narrowly tailored to avoid including
tenuous information and still obtain the necessary, pertinent
information.”  See In re CSX, 124 S.W.3d at 153.

Conclusion

          We
conditionally grant the petition for writ of mandamus and direct the trial
court to amend its discovery order to the extent that it required HESI to
produce broader discovery than that requested by Lane.  The writ will issue only if the court fails
to comply.

 

 

 

 

                                                                             Evelyn
V. Keyes

                                                                             Justice

 

Panel
consists of Justices Keyes, Higley, and Massengale.

 











[1]
          The Honorable Mike Engelhart,
Judge of the 151st District Court of Harris County, Texas, Respondent.  The underlying lawsuit is Charles R. Lane v. Halliburton Energy
Services, Inc., No. 2010-24540 (151st Dist. Ct., Harris County, Tex.).





[2]
          HESI also argued that even if
Lane’s allegations regarding an oral contract were true, Lane, because he was a
contract attorney for KGLB, “would not be entitled to recover fees paid to law
firms as claimed in the Motion, so any request for information on fees paid to
law firms is irrelevant to his claim.”  Furthermore,
HESI also argued that, based on its Master Retention Agreement with KGLB,
KGLB’s representation was limited to non-commercial litigation in Louisiana,
and HESI could terminate KGLB’s services at any time.  These arguments relate to defenses HESI
presented in its answer to Lane’s petition.





[3]
          HESI makes several other arguments that we do not address here.  We note that HESI’s arguments that Lane lacks standing to recover any attorney’s fees
and that the terms of the agreement do not allow Lane to recover the damages
that he pleaded in his petition do not support a grant
of the petition for writ of mandamus.  See In re Rogers, 200 S.W.3d 318, 324
(Tex. App.—Dallas 2006, orig. proceeding) (holding, when petition was “broadly
pleaded” and had not been “challenged or narrowed through special exceptions or
any other pleading vehicle,” that party “cannot attempt to limit the scope of
the pleading through discovery objections”); In re Citizens Supporting Metro Solutions, Inc., No.
14-07-00190-CV, 2007 WL 4277850, at *3 (Tex. App.—Houston [14th Dist.] Oct. 18,
2007, orig. proceeding) (mem. op.) (holding that
“[t]he scope of discovery is measured by the live pleadings regarding the
pending claims” and that “[i]f, as here, the trial court does not rule on the
merits of any of the claims, then the scope of discovery in the mandamus
proceeding will be based on the pleadings.”) (citing Lunsford v. Morris, 746 S.W.2d 471, 473 (Tex. 1988) (stating that
discovery is based on matters relevant to the claims pleaded and that parties
need not prove their claims before they are entitled to discovery), overruled on other grounds, Walker v. Packer, 827 S.W.2d 833, 842
(Tex. 1992)).