...
... [Under Texas law] [t]o establish economic feasibility, the plaintiff must ... introduce proof of the cost of incorporating this technology.
So all these cases, Judge, go to what we're required to prove to carry the day and what we're trying to prove.
Now, Judge, two of the components, the RSC and the ECS, they were available as optional features on the truck Mr. Garza was driving, so to demonstrate economic feasibility, we need to show the costs and sales price of those *840 components and the costs and sales price of the truck that Mr. Garza was driving, as well as the costs and sales price of the trucks of the type that Mr. Garza was driving. Two other components, the automatic seat pull down system and the seat integrated side airbag are known collectively as the roll tech system, they're either standard or optional features in the companion Cascadia model that Mr. Moore identified in his deposition that had been manufactured and came off the assembly line before this truck was manufactured.
So and there again to prove economic feasibility, which is what we're required to do, we have to show the costs and the sales price of those components when they're added to a truck and the costs and sales price of the truck to which they would be added, which includes the Cascadia.
And then lastly, Judge, the remaining two design changes, the strengthening certain features of the cab installing a roll bar, they're not presently available as options on the truck that Mr. Garza was driving, but to determine economic feasibility of strengthening the cab features, we'd have to know at the outset the cost of the features in their current condition in the tractor Mr. Garza was driving. We need to know whether Daimler attempted to strength the cab in the related Cascadia model that Mr. Moore identified. And if so, the costs of doing that in the Cascadia model. ...
But, Judge, in sum, the information identified in the Diab affidavit is necessary to a fair adjudication of the plaintiff's claim, which is what the case law tells us. And we have to get this information in order to prove our case.
Other than counsel's arguments, plaintiffs offered no witness testimony or other evidence that the information they sought from relator was necessary for a fair adjudication of their claims. Instead, plaintiffs' attorney merely pointed to the allegations in plaintiffs' petition and to Texas Civil Practice and Remedies Code chapter 82, and argued that because section 82.005 required certain proof, the information sought from relator was necessary to a fair adjudication of plaintiffs' case. Relator objected that the plaintiffs needed more than mere arguments from an attorney. We agree.
Although the Texas Supreme Court has not provided a specific test to be applied in determining whether the requesting party has carried its burden to show that trade secret information is necessary to a fair adjudication of its claim, the Court has stated the test is not satisfied by general assertions of unfairness or relevance. In re Bridgestone/Firestone, Inc. , 106 S.W.3d 730, 732-33 (Tex. 2003) (orig. proceeding) (unfairness); Cont'lGen. Tire , 979 S.W.2d at 613-14 (relevance). The party seeking the information "must demonstrate with specificity exactly how the lack of the information will impair the presentation of the case on the merits to the point that an unjust result is a real, rather than a merely possible, threat." Bridgestone/Firestone , 106 S.W.3d at 733.
Nor is it enough to show that the information would be useful to the party's expert; rather, the party must show that it is necessary. See Cont'lGen. Tire , 979 S.W.2d at 611. If an expert can form an accurate opinion on the relevant subject without the trade secrets, then the information is useful rather than necessary. See In re XTO Res. I, LP , 248 S.W.3d 898, 905 (Tex. App.-Fort Worth 2008, orig. proceeding) (holding party failed to show necessity when expert testified trade secret information would be useful to prepare report with least amount of uncertainty, but opinion could be formed without it). If an alternative means of *841 proof is available that would not significantly impair the presentation of the case's merits, then the information is not necessary. See In re Union Pac. R. Co. , 294 S.W.3d 589, 592-93 (Tex. 2009) ; Cont'lGen. Tire , 979 S.W.2d at 615.
In Continental General Tire , the Supreme Court noted:
... The plaintiffs contended at oral argument before this Court that their expert has found sulfur on the belt surfaces of this tire, and that plaintiffs need Continental's formula to determine whether sulfur is a regular component of the skim stock or whether it was a foreign material improperly introduced during manufacture. Regardless of whether this theory might otherwise justify discovery of the compound formula, an issue on which we express no opinion, plaintiffs presented no evidence supporting this theory to the trial court. Under these circumstances, given the highly proprietary nature of the information, the plaintiffs have not carried their burden under Rule 507 of demonstrating that the information is necessary for a fair trial. [Emphasis added.]
Id. at 615 ; see also XTO Res. I, LP , 248 S.W.3d at 905, n.1 ("The dissent quotes extensively from the argument of Threshold's counsel before the trial court and in its brief in this court .... But the argument of counsel is insufficient to support the discovery of trade secrets; a party must present evidence."); In re Diamond Shamrock Ref. Co., L.P. , 07-06-0315-CV, 2007 WL 63370, at *1-3 (Tex. App.-Amarillo Jan. 10, 2007, orig. proceeding) (mem. op.) ("It is not enough to simply state that the information is necessary. Nor do general assertions of unfairness suffice. ... In other words, the litigant must satisfy the test through the presentation of competent evidence."); In re Desa Heating, L.L.C. , 2-06-088-CV, 2006 WL 1713489, at *3 (Tex. App.-Fort Worth June 22, 2006, orig. proceeding) (mem. op.) ("However, the trial court had no evidence before it of Heartland's need for the information. The trial court merely had Heartland's explanation, ... and Heartland's unsupported contention that 'the information is material and necessary to prove Heartland's lost profits and is unavailable from another source.' ").
We hold that an attorney's argument that trade secret information is necessary is not sufficient to satisfy the burden. Instead, a party must present evidence to support discovery of trade secrets.
Plaintiffs alternatively contend the trial court had before it the testimonial evidence of the Diab affidavit and the deposition of relator's corporate representative Anthony Moore based on which the trial court could conduct a balancing test. See id. ("In each circumstance, the trial court must weigh the degree of the requesting party's need for the information with the potential harm of disclosure to the resisting party."). Plaintiffs attached Moore's deposition transcript to their motion to compel and they discussed some of Moore's testimony at the hearing, but they did not submit the deposition itself into evidence at the hearing. To the extent the trial court may have considered Moore's deposition testimony, we do not believe his testimony-as relator's corporate representative-addressed, much less showed, that relator's trade secret information was necessary to a fair adjudication of plaintiffs' claims. Furthermore, the fact that Moore testified at an earlier deposition does not waive relator's right to assert a trade secret objection about other information. See id. at 614 ("However, that Continental was willing to produce certain information under a protective order does not mean that Continental has waived its right to assert Rule 507 about other information *842 which it may regard as more competitively sensitive or less necessary for the plaintiffs' case.").
We conclude plaintiffs did not meet their burden to establish the information they sought is "necessary for a fair adjudication of [their] claims." Cont'lGen. Tire , 979 S.W.2d at 610, 613. Therefore, the trial court erred when it compelled relator to designate a corporate representative to testify about the "30 subject matters identified in the Amer Diab affidavit" without a showing of necessity. Id. at 615 (holding that, without evidence of necessity, requesting party did not carry its burden for compelling disclosure of trade secret). And, because relator has no adequate remedy by appeal, mandamus relief is appropriate. See id. (holding that appeal was an inadequate remedy when requesting party failed to establish necessity, yet the trial court nevertheless compelled production of trade secrets).
VAGUENESS
Relator also challenges the portion of the trial court's order that states: "[Relator] SHALL designate one or more individuals to testify on its behalf with respect to such matters to the extent such matters are known or reasonably available to [relator] ...." Relator asserts the meaning of the phrase "reasonably available" is unclear and requires it to create evidence that does not exist.
"The rules do not permit the trial court to force a party to create documents which do not exist, solely to comply with a request for production." In re Guzman , 19 S.W.3d 522, 525 (Tex. App.-Corpus Christi 2000, orig. proceeding). However, the language used in the protective order tracks the language in Texas Rule of Civil Procedure 199.2(b), which provides, in pertinent part, as follows: "Each individual designated must testify as to matters that are known or reasonably available to the organization." TEX. R. CIV. P. 199.2(b)(1).
We conclude the trial court's order is not vague and does not require relator to create evidence that does not exists.
CONCLUSION
For the reasons stated above, the trial court erred by ordering relator to designate a corporate representative to testify about the "30 subject matters identified in the Diab affidavit" because the plaintiffs did not satisfy their burden. Therefore, we conditionally grant the petition for writ of mandamus and order the trial court to vacate that portion of its order requiring relator to "designate one or more individuals to testify on its behalf with respect to" "the 30 subject matters identified in the Diab affidavit as encompassing trade secret information." The writ of mandamus will issue only if the trial court fails to comply within fifteen days from the date of our opinion and order.
Dissenting Opinion by: Rebeca C. Martinez, Justice
DISSENTING OPINION