

## Fourth Court of Appeals
### San Antonio, Texas

**OPINION**

No. 04-20-00450-CV

**IN RE** Robert L. **MARSHALL**, III;
Marshall Shredding, LLC; and MedSharps, LLC

Original Mandamus Proceeding[1]

Opinion by:    Irene Rios, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Patricia O. Alvarez, Justice
               Irene Rios, Justice

Delivered and Filed: January 27, 2021

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART
AND DENIED IN PART

Robert L. Marshall, III; Marshall Shredding, LLC; and MedSharps, LLC (collectively,

"relators") assert the trial court abused its discretion by denying their motion to compel discovery

from the real party in interest.  We conditionally grant the petition for writ of mandamus in part

and deny in part.

**BACKGROUND**

In the underlying lawsuit, relators asserted claims for an attempted hostile take-over by a

minority shareholder (William Jewett) of a medical waste disposal company known as MedSharps

LLC.  Relators allege Jewett attempted to trigger a 2009 buy-sell agreement to force the buy-out

---

[1] This proceeding arises out of Cause No. 2019-16836, styled *Robert L. Marshall, II, et. al v. William Jewett, III*, pending in the 150th Judicial District Court, Bexar County, Texas.  The Honorable Norma Gonzales signed the order at issue in this original proceeding.

of the majority shareholders. According to relators, this occurred during an attempt to enter into a lucrative deal with a competitor, Trilogy MedWaste, Inc. ("Trilogy"). Trilogy is not a party to the underlying lawsuit and is the real party in interest in this original proceeding. Relators allege Jewett engaged in communications with Trilogy to the exclusion of relators. Jewett's demand for a buy-out was based on a letter of intent obtained from Trilogy for the purported purchase of MedSharps, in which Trilogy represented the purchase price to be valued at approximately $17 million. Jewett filed counter claims, relying on the $17 million stated in the letter of intent as the basis for his contention that he was damaged in the amount of at least $9 million.

In December 2019, relators served Trilogy with a notice of intention to take depositions on written questions, which included twenty-six requests for documents. Trilogy filed its responses, objections, and request for a protective order, raising the following various objections: overbroad; burdensome and harassing because the requests sought discovery from a non-party; the discovery sought confidential, proprietary, and/or trade secrets; and attorney-client privilege.

In February 2020, Judge Karen Pozza ordered Trilogy to produce a limited set of documents. Mediation was set for February 26, 2020, but was unsuccessful. After the unsuccessful mediation, relators reset a hearing on their motion to compel for May 4, 2020 and were assigned to respondent's court. On June 19, 2020, the trial court signed an order sustaining Trilogy's objections and denying relators' motion to compel. On September 11, 2020, relators filed their petition for writ of mandamus. Trilogy filed a response.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A party will not have an adequate remedy at law when the appellate court would not be able to cure the trial court's discovery error; where the party's

ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error; or where the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, or the trial court after proper request refuses to make it part of the record, and the reviewing court is unable to evaluate the effect of the trial court's error on the record before it. *Walker v. Packer*, 827 S.W.2d 833, 843-44 (Tex. 1992) (orig. proceeding).

**ABUSE OF DISCRETION**

Trilogy asserted that because it was not a party to the dispute, relators should obtain whatever documents they wanted from the actual parties to the lawsuit and not "drag third-party Trilogy into this lawsuit." Trilogy also argued some of the requested documents were a "very technical kind of privileged or confidential information." Finally, Trilogy objected that the discovery requests were overbroad, unduly burdensome, and harassing. Relators countered that (1) they were unable to obtain the documents from another source because Jewett has not produced them and some of the documents can only be produced from Trilogy and (2) Trilogy presented no evidence to support any claim of trade secret, privilege, or confidential information. Relators argued they needed the discovery because Jewett's damage claim was based on the $17 million stated in Trilogy's letter of intent; therefore, relators needed to know how Trilogy arrived at that number.

**A.    No Objection Raised or No Document to Produce**

Although the trial court broadly sustained Trilogy's objections as to all twenty-six requests for documents, we do not consider whether the trial court erred as to the following requests because Trilogy either did not object or responded "none" to the request: eight, twelve, twenty, twenty-three, twenty-five, and twenty-six.

**B.**     **Overly Broad**

Trilogy objected that the following requests were overly broad because they were not limited in scope:

1. Documents evidencing all communications between Trilogy and Jewett.
2. Documents evidencing all communications between Trilogy and Marshall.
3. Documents evidencing all communications between Trilogy and Trident.
4. Documents evidencing all communications between Trilogy and MedSharps.
5. Documents evidencing all communications between Trilogy and DCM.
6. Documents evidencing all communications between Trilogy and Vedder.
7. Documents evidencing all communications between Trilogy and Elder Bray.
9. Documents evidencing all communications between Trilogy and any individual or entity relating to MedSharps, Marshall Shredding, Trident, Jewett and/or Marshall.
21. Copies of any Documents in Trilogy's files (including electronic files) relating to MedSharps, Marshall Shredding, Trident, Jewett and/or Marshall.
24. Trilogy's entire file relating in any way to MedSharps, Marshall Shredding, Trident, Jewett and/or Marshall.

Generally, discovery is permitted into any matter, not privileged, that is relevant to the subject matter, and is "reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a). This broad grant, however, is limited by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information in keeping with the understanding that discovery is a means to an end, rather than an end in itself. *See Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984) (orig. proceeding). Discovery, even of potentially relevant or admissible evidence, may not be used as a costly fishing expedition. *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (orig. proceeding) (per curiam). Rather, requests must be reasonably tailored to include only matters relevant to the case and must be limited to the relevant time. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 814-15 (Tex. 1995) (orig. proceeding) (per curiam); *In re Xeller*, 6 S.W.3d 618, 626 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding).

"A specific request for discovery reasonably tailored to include only matters relevant to the case is not overbroad merely because the request may call for some information of doubtful relevance." *Sanderson*, 898 S.W.2d at 815. "Parties must have some latitude in fashioning proper discovery requests." *Id.* "A central consideration in determining over-breadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." *See In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003) (orig. proceeding) (per curiam). However, a discovery order is overbroad if it could have been more narrowly tailored to avoid including tenuous information. *Id.*

Based on our review of the above requests for documents, we conclude requests one through seven, nine, twenty-one, and twenty-four request documents that, although possibly relevant or "reasonably calculated to lead to the discovery of admissible evidence," are overbroad in scope or could have easily been more narrowly tailored to the dispute at hand. Therefore, we conclude the trial court did not abuse its discretion by sustaining Trilogy's objection that these requests were overly broad.

Trilogy also objected that request number eleven was overly broad. This request asked for "[d]ocuments evidencing any notes taken in any meetings with Jewett and/or DCM and/or Vedder relating in any way to MedSharps." Unlike its other overly broad objections, Trilogy did not contend this request failed to limit its scope. Instead, Trilogy merely stated the request sought documents from a non-party. Because Trilogy did not provide a valid basis for its overly broad objection, we conclude the trial court abused its discretion by sustaining Trilogy's objection that request number eleven was overly broad.

## C.     Unduly Burdensome or Harassing

The party resisting discovery cannot simply make conclusory allegations that the requested discovery is unduly burdensome or unnecessarily harassing but must produce some evidence

supporting its request for a protective order. *See In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding).

Trilogy objected to discovery requests ten, eleven, thirteen, fourteen, seventeen, eighteen, nineteen, and twenty-two as overly burdensome or harassing. However, other than conclusory arguments by counsel, Trilogy did not produce any evidence supporting its objections or request for a protective order. Therefore, we conclude the trial court abused its discretion by sustaining Trilogy's objection that these requests were overly burdensome or harassing.

### D.    Privileged or Confidential

Texas Rule of Civil Procedure 193.4 provides as follows:

> Any party may at any reasonable time request a hearing on an objection or claim of privilege asserted under this rule. The party making the objection or asserting the privilege must present any evidence necessary to support the objection or privilege. The evidence may be testimony presented at the hearing or affidavits served at least seven days before the hearing or at such other reasonable time as the court permits. . . ..

TEX. R. CIV. P. 193.4(a).

Regarding trade secrets, "[a] person has a privilege to refuse to disclose and to prevent other persons from disclosing a trade secret owned by the person, unless the court finds that nondisclosure will tend to conceal fraud or otherwise work injustice." TEX. R EVID. 507(a). The party "resisting discovery of trade secrets must first establish the information sought constitutes a trade secret." *In re Daimler Trucks N. Am. LLC*, 551 S.W.3d 833, 838 (Tex. App.—San Antonio 2018, orig. proceeding). As to any claim of attorney-client privilege, "the party asserting a privilege from discovery [has] the burden to produce evidence concerning its applicability." *In re Stephens Inc.*, 579 S.W.3d 438, 445 (Tex. App.—San Antonio 2019, orig. proceeding). "This may be accomplished by testimony or affidavit evidence sufficient to establish a prima facie case for the privilege." *Id.* ". . . Texas law recognizes that a party asserting privilege may initiate its claim

and establish a prima facie case of privilege by submitting evidence short of tendering each and every document." *In re Living Centers of Tex., Inc.*, 175 S.W.3d 253, 261 (Tex. 2005) (orig. proceeding).

Trilogy objected to discovery requests ten, eleven, thirteen, fifteen, sixteen, nineteen, and twenty-one as seeking information that was confidential, proprietary and/or trade secrets. However, other than conclusory arguments by counsel, Trilogy did not sustain its burden by presenting any evidence on these objections. Therefore, we conclude the trial court abused its discretion by sustaining Trilogy's objection that these requests sought documents that were confidential, proprietary and/or trade secrets.

### ADEQUATE REMEDY AT LAW

Relators assert they do not have an adequate remedy at law for two reasons. First, relators contend Jewett's damage model is based on his thirty-nine percent of Trilogy's $17 million purchase offer. Therefore, relators assert that without the requested discovery they will be denied the opportunity to challenge the $17 million letter of intent, which forms the basis of Jewett's damage model. Second, relators contend that, without the requested discovery, they will not be able to proffer evidence in a bill of exception or offer of proof. Therefore, relators assert they will lack the ability to make the evidence part of the record on appeal. We agree with relators and conclude they lack an adequate remedy at law.

### CONCLUSION

We conclude the trial court abused its discretion by sustaining Trilogy's objections to requests for documents ten, eleven, thirteen through nineteen, and twenty-two. Therefore, we conditionally grant the petition for writ of mandamus in part and direct the trial court to, within fifteen days of this order, vacate that portion of its June 19, 2020, "Order on Plaintiff Robert L. Marshall, II's Motion to Compel Documents from Trilogy MedWaste, Inc. and Motion for

Protective Order" (1) sustaining the real party in interest's objections to requests for documents ten, eleven, thirteen through nineteen, and twenty-two and (2) and enter an order granting relators' motion to compel as to these document requests. Because we order the trial court to grant relators' motion to compel requests for documents ten, eleven, thirteen through nineteen, and twenty-two, we remand for the trial court to reconsider whether relators' request for a protective order is appropriate. In all other respects, relators' petition for writ of mandamus is denied.

Irene Rios, Justice